BRAND *v.* POWER, administrator.

1. An absolute deed of conveyance will not, at the instance of the grantor, be cancelled merely because of a breach by the grantee of a promise made by him in consideration of which the deed was executed.

2. An equitable petition for the cancellation of a deed, based solely upon a ground of the nature above indicated, is not amendable so as to make a case for cancellation either on the ground that the grantor was mentally incapable of contracting or was induced by fraud to execute the conveyance.

Submitted March 14, — Decided April 9, 1900.

Equitable petition. Before Judge Gober. Cobb superior court. December 27, 1898.

*George D. Anderson* and *R. N. Holland,* for plaintiff in error. *W. R. Power,* contra.

LUMPKIN, P. J. Mrs. Eliza Brand brought an equitable petition against her son, J. T. M. Brand, for the cancellation of a deed whereby she conveyed to him two lots of land. Pending the action she died. W. R. Power, her administrator, was made a party plaintiff, and the case proceeded in his name. The petition alleged that, " at the time of making said deed, it was understood and agreed between the parties thereto that the said J. T. M. Brand would take care of, provide for, and support petitioner on account of making said deed," but that he had entirely failed and refused to comply with this undertaking. The defendant demurred to the petition generally, and also specifically on the ground that a common-law suit for a breach of contract was the plaintiff's proper remedy. The demurrer was overruled, and the defendant excepted. Over his objection, the court allowed an amendment to the petition which, in substance, alleged that at the time of executing the deed Mrs. Brand was mentally incapable of contracting, and that she had been induced to sign the deed by various acts and sayings on the part of the defendant which constituted a fraud upon her. The objections to this amendment were, that there was nothing in the original petition to amend by, and that the amendment set forth a new and distinct cause of action. The case proceeded to trial, and resulted in a verdict for the plaintiff. A motion for a new trial was duly filed by the defendant, and the same was overruled. His bill of exceptions assigns error upon all of the above-mentioned rulings. We shall not, however, undertake to deal with the questions made in the motion for a new trial; for in our judgment the judge erred in not sustaining the demurrer to the petition and also in allowing the amendment thereto, and a correction of the errors thus committed will, of course, put an end to the case.

1. Even if we treat the petition as sufficiently alleging that the undertaking of the defendant to provide a support for his mother was the sole consideration of the deed, which is by no means made clear, his failure to do as he promised amounts to nothing more than a mere breach of contract, for which the plaintiff had an adequate remedy by a proper action for damages. The deed passed the title to him without condition or qualification, as it contained no language making his title in any way dependent

upon compliance with his contract to support his mother. This being so, she had no more right to cancel the deed for a breach of this contract than she would have had if she had sold her son the land for a specified amount of purchase-money and he had failed or refused to make payment thereof. Clearly, then, the plaintiff had no standing in court on the original petition.

2. We are equally confident that the amendment was improperly allowed. Both of the objections urged against it were well taken. As has been shown, the petition as originally framed set forth no cause of action, and there was nothing in it to amend by. Moreover, even were this otherwise, the amendment ought to have been disallowed, for it made a case entirely foreign to that declared upon in the first instance. The initial effort of the plaintiff was to cancel the deed solely on the ground that the defendant had made a breach of his contract. The amendment, though it seeks to accomplish the same end, introduces grounds of an altogether different nature, viz., mental incapacity to contract, and fraud in inducing the grantor to execute the conveyance. In other words, the petition as originally filed distinctly recognized the deed as having been, in its inception, a valid instrument; while, according to the amendment, the conveyance sought to be canceled was, for the reasons just stated, void ab initio. We are unable to perceive any connection between causes of action so widely dissimilar.

*Judgment reversed. All the Justices concurring.*