## JONES *v.* WILLIAMS.

1. The motion to dismiss is controlled by the recent case of *Mitchell v. Masury*, 132 *Ga.* 360 (64 S. E. 275).

2. A deed from a grandfather to his granddaughter, which recites that the grantor, "for and in consideration of work and labor done and to be done, consisting of taking care and caring for the [grantor] for and during his natural life, upon the faithful performance of said duty upon her part this obligation is to be of full force and virtue, otherwise this deed to be and the above and foregoing to be null and void,

the receipt whereof is hereby acknowledged, does hereby sell and convey unto the [granddaughter], her heirs and assigns," a certain tract of land in fee simple, conveys an estate in fee on a condition subsequent.

3. Forfeiture resulting from a breach of a condition may be released or waived, and a waiver may be either express, or implied from the circumstances.

Submitted February 2, -Decided June 23, 1909.

Complaint for land. Before Judge Kimsey. Union superior court. January 21, 1908.

W. E. Candler, J. H. Davis, J. T. Davis, B. F. Davis, and J. B. Jones, for plaintiff in error.

O. J. Lilly and C. J. Wellborn Jr., contra.

EVANS, P. J. Henry B. Gurley was seized and possessed of a small tract of land upon which he resided. In 1893, upon his invitation, his granddaughter, America Gurley, then a young girl about 14 or 15 years old, came to live with him, and on the 14th day of March, 1896, he executed to her a deed to the tract of land, the material parts of which are as follows: "State of Georgia, Union county. This indenture made this the 14th day of March, 1896, between Henry B. Gurley and America E. Gurley, both of the county aforesaid, witnesseth, that the said Henry B. Gurley, for and in consideration of work and labor done and to be done, consisting of taking care and caring for the said Henry B. Gurley for and during his natural life, upon the faithful performance of said duty upon her part this obligation is to be of full force and virtue, otherwise this deed to be and the above and foregoing to be null and void, the receipt whereof is hereby acknowledged, does hereby sell and convey unto the said America E. Gurley, her heirs and assigns, a certain tract of land [describing it], together with all the rights and privileges thereunto belonging, in fee simple," with warranty of title. The granddaughter remained on the premises, keeping house and caring for her grandfather, until the year 1900, when she married and left the premises to reside with her husband. Henry B. Gurley, who was then very much advanced in years, shortly thereafter moved into the house of his daughter, Rachael Jones, who resided about a half-mile distant. On June 26, 1901, he executed to Rachael Jones a deed conveying the same land included in his previous deed to his granddaughter. Three or four years thereafter he died, and America E. Gurley (who had

married Williams) brought suit against Rachael Jones to recover the land. In answer to the suit the defendant averred that the plaintiff had failed to support her grandfather according to the terms of her deed, whereby she forfeited all estate in the land conveyed to her by him, and that his subsequent deed to the defendant vested the title to the land in the defendant. It was also averred in the plea, that the plaintiff was insolvent, and, if the plaintiff be permitted to recover the land, that the defendant was entitled to have judgment against the plaintiff for the value of the support and services rendered by the defendant to Henry B. Gurley, which should have been rendered ·by the plaintiff; and there was a prayer that such judgment be declared a special lien on the land. A verdict for the premises with mesne profits was rendered in favor of the plaintiff, which the court refused to set aside on motion for a new trial; and the defendant excepts.

Both parties claim from the same grantor, the plaintiff's deed being of older date. The court instructed the jury that the language in the deed from Henry B. Gurley to America Gurley (now Williams) wherein it was stated that the consideration was for labor done and to be done in taking care of the grantor during his life, and upon failure of the grantee so to do the deed was to be void, was a covenant, and· not a condition either precedent or subsequent; that it amounted only to a contract on the part of the grantee to take care of the grantor, a breach of which would not divest her title. This construction of the deed is alleged to be erroneous, it being contended that these words in the deed· are words of ·express condition, and the grant therein one with a condition subsequent. We do not think that the deed was correctly construed by the court. A deed executed upon a consideration to support the grantor, without apt or proper words to create a condition, a breach of which would render the estate defeasible at the grantor's election, passes title to the grantee, and the failure of the grantee to maintain and support the grantor may give to the latter a right of action in equity to rescind the contract if the grantee is insolvent. *McCardle* v. *Kennedy, 92 Ga.* 198 (17 S. E. 1001, 44 Am. St. R. 85). But a grantor may convey land to another on condition that the grantee shall care for him for life, and provide therein that a failure to perform the condition shall have the effect of defeating the estate granted. Civil Code, §§ 3136,

3137. The law inclines to construe conditions subsequent so as to render their breach remediable in damages rather than by forfeiture; but where the plain words of the grant declare that a breach of the condition shall defeat the estate granted, there is no room for construction. No precise technical words are required to create a condition subsequent, and the construction must always be founded upon the intention of the parties as disclosed in the conveyance. In the deed under consideration the grantor not only stipulated that the consideration of the deed was that the grantee should care for him during life, but that "upon the faithful performance of said duty upon her part, this obligation to be of full force and virtue, otherwise this deed to be and the above and foregoing to be null and void." This language can only mean that the estate was granted on condition that the grantee was to care for her grandfather during his life, and upon her failure to perform this condition her estate was to become forfeited. A forfeiture of the estate upon her failure to take care of her grandfather constituted the terms which the granddaughter consented to accept as a condition of the grant. The clause of the deed construed by the court in the instruction to which exception is taken created a condition subsequent, upon the breach of which the grantor, at his election, could have availed himself of the forfeiture. If the grandfather relieved the granddaughter from the obligation of caring for him, after she left his home, or if it was through his fault that she failed to continue her services, he could not claim a forfeiture from a failure to comply with the condition. As was said in *Moss* v. *Chappell,* 126 *Ga.* 196 (54 S. E. 968), "forfeitures resulting from the breach of a condition may be expressly released, or may be the subject of a waiver, and a waiver may result from circumstances as well as express language to that effect. All this is well-settled; and where the release or waiver extends to the whole forfeiture, of course all benefit to be derived from the forfeiture is gone." The case was tried on an erroneous theory, and a new trial is ordered.

*Judgment reversed. All the Justices concur.*