## CHRISTIAN *v.* ROSS, administrator.

</div>

1. An absolute deed of conveyance will not, at the instance of the grantor, be canceled merely because of a breach by the grantee of a promise made by him in consideration of which the deed was executed.
2. An equitable petition for cancellation of a deed, based solely upon a ground of the nature above indicated, is not amendable so as to make a case for cancellation on the ground either that the grantor was mentally incapable of contracting or was induced by fraud to execute the conveyance.

<div align="center">MAY 18, 1916.</div>

Equitable petition. Before Judge Littlejohn. Sumter superior court. July 15, 1915.

Miss Kate Ross brought her petition against R. G. Christian, and prayed for a decree cancelling a certain deed in which she was the grantor and the defendant the grantee, and for other equitable relief. By this deed she conveyed for a given consideration the land therein described. The consideration as expressed in the deed was the assumption by the grantee of a loan which was an

encumbrance on the land, and the payment of a stipulated sum monthly by the grantee to the grantor for and during her life. A separate and distinct written agreement was executed by the grantor and grantee, simultaneously with the execution of the deed, in which was embodied the provision for the payment of the sum due monthly. The grantor reserved a life-estate in the land, but this for a stated consideration she leased to the grantee. The grantee had failed to perform his undertaking to pay off the encumbrance and to pay the sums due monthly. Upon this statement of facts a cancellation of the deed was asked. Pending the suit the petitioner died, and her administrator was made a party, and at a subsequent term of the court he offered an amendment in which it was set up, that the defendant was insolvent when the original petition was filed; that he had received more from Kate Ross than he had contributed to her support; that at the time of the negotiations for the conveyance of the land Kate Ross was of a weak mind, easily to be influenced and directed and led by any one in whom she had confidence, and she reposed confidence in the grantee; and that he had taken advantage of her mental weakness and by promises of assistance and care, as well as expressions of friendship, had procured the execution of the deed. The defendant by appropriate demurrers attacked the petition as originally filed and the allowance of the amendment. The demurrers were overruled, and the defendant excepted.

*Wallis & Fort* and *W. T. Lane,* for plaintiff in error.

*R. L. Maynard,* contra.

BECK, J. (After stating the foregoing facts.) The issues made by the pleadings in this case are covered by the decision and rulings in the case of *Brand* v. *Power,* 110 *Ga.* 522 (36 S. E. 53). The syllabi in that case, which constitute the headnotes in this case, show the substance of the ruling; and the decision which elaborates that ruling renders further discussion of the questions here unnecessary.

*Judgment reversed. All the Justices concur, except*

EVANS, P. J., and LUMPKIN, J., dissenting. In *Ellison* v. *Georgia R. Co.,* 87 *Ga.* 691 (13 S. E. 809), the subject of amendment received a full consideration. It was declared that "Scarcely any right of procedure is more important to suitors or more frequently called into exercise in actual practice than that of amending their

pleadings. Amendment is a resource against waste." It was held, that, "when the amendment needed is one of substance itself, 'enough to amend by' does not mean the same as 'enough to be good in substance without amendment.' On the contrary, failing to be good in substance is generally the reason why amendment of substance is needed. 'Enough to amend by' is to be determined by what is enough relatively to the particular amendment needed and offered." The necessity for this discussion arose in large part from an erroneous ruling in *Martin* v. *Gainesville &c. Railroad,* 78 *Ga.* 307, and other cases which followed it. Objections to material amendments to petitions were repeatedly (indeed almost always) made, on the grounds that the amendment added a new cause of action to the original petition, and that there was nothing in the petition to amend by. In some cases decisions were rendered which did not adhere closely to the ruling in the *Ellison* case. The decision in that case was substantially repeated in *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (48 S. E. 318). In *Eagle & Phenix Mills* v. *Muscogee Mfg. Co.,* 129 *Ga.* 712 (59 S. E. 804), the writer of the opinion said: "This whole question of amendment has been so thoroughly discussed in *Ellison* v. *Georgia R. Co.,* 87 *Ga.* 691 (13 S. E. 809), and *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (48 S. E. 318), that little more can be done than to cite and apply those decisions. There are cases in which rulings have been made not in harmony with the two just cited. But, speaking in general terms, they may be divided into two classes,—those which preceded the *Ellison* case and were overruled by it, and those which came after it and were overruled by the *Anglin* case. And now the rule has been crystallized into a section of the code. We have no disposition to wander again, certainly not intentionally, from a rule which looks to substance more than to mere form, which treats amendment as 'a resource against waste,' where there is enough to amend by, and which has in view the practical administration of justice rather than the dialectical niceties of ancient pleading." The section mentioned now appears in the Civil Code of 1910 as section 5682, and reads as follows: "A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, is enough to amend by. The jurisdiction of the court may be shown, and the details and circumstances of the particular trans-

action may be amplified and varied by amendment. If the declaration omit to allege facts essential to raise the duty or obligation involved in the cause of action which was evidently originally intended to be declared upon, the omitted fact may be supplied by amendment."

In the instant case there was an effort to cancel a deed, a part of the consideration of which was alleged to be an agreement by the grantee to pay to the grantor during her life a stipulated sum monthly, and also an assumption of an encumbrance. A failure to discharge the encumbrance or to pay the stipulated sums monthly was alleged. In the original petition there were allegations tending to show abuse of confidence placed in the defendant by the plaintiff, who relied on his agreement and promise and believed that it was for her best interest to be relieved of the burden of looking after the farm and to receive a monthly allowance for her support. In an amendment insolvency of the defendant was alleged. In the amendment now under consideration there were fuller allegations of feebleness of intellect and fraud by the defendant. We can not agree that there could not be such an amendment. The case is not controlled by that of *Brand* v. *Power,* cited in the majority opinion; and if it were, in so far as that case is in conflict with the earlier and later cases of *Ellison* and *Anglin* and cases following them, and with the code, it must yield to them. See *Lindsey* v. *Lindsey,* 62 *Ga.* 546 (2); *McCardle* v. *Kennedy,* 92 *Ga.* 198 (17 S. E. 1001, 44 Am. St. R. 85); *Jones* v. *Williams,* 132 *Ga.* 782, 784 (64 S. E. 1081); *Wood* v. *Owen,* 133 *Ga.* 751 (3), 752 (66 S. E. 951); *Georgia Railway & Electric Co.* v. *Reeves,* 123 *Ga.* 697 (51 S. E. 610); *Seaboard Air-Line Ry.* v. *Jackson,* 138 *Ga.* 54 (2) (74 S. E. 775).