*Noel P. Park*, for plaintiff. *Samuel H. Sibley*, contra.

MOORE *v.* TURNER *et al.*

ATKINSON, J. M. owned land in Atlanta, which was incumbered by specified liens in favor of various persons. T. and P. owned farm lands in Wilkes County, which were unincumbered. There was a contract for exchange of the lands, on the basis that for the city lands, subject to the incumbrances, T. and P. should convey the farm lands and pay a difference, some in cash and the balance in deferred payments to be secured by incumbrance on the lands. In pursuance of the contract deeds were exchanged and possession delivered by the parties respectively. T. and P. made the cash payment, gave notes for the deferred payments, and executed a security deed on the property, receiving from M. his bond to reconvey. The bond contained the following recital: "The obligor herein further agrees and covenants that he will cancel the loan deed upon which this bond for title is based, upon receiving from the obligees herein, or their assigns, at any time during the existence of his present loan deed, of a new loan deed covering all the above-described property, and which shall be a first lien thereon, excepting a mortgage or loan deed of fifteen thousand ($15,000.00) dollars, which this obligor agrees may be placed upon said premises in lieu of the present existing prior indebtedness to which his present loan deed is subject by its terms." Subsequently T. and P. negotiated for loans on the land at 8 per cent. per annum for 5 years, aggregating the amount specified in the bond, with which to discharge the prior liens, and, to the end that the loans might be made, called upon M. to cancel his security deed in terms of his bond and accept a new security deed, subject only to the security of the loans above mentioned. M. declined, without stating any reason, to cancel his security deed and accept the substitute therefor. T. and P. immediately offered to rescind the contract, which offer was refused. As a result T. and P. were unable to obtain the loans. The holders of the prior liens foreclosed them and caused the property to be levied upon and sold, so that T. and P. lost

it. Subsequently, T. and P. instituted an equitable action against M., alleging all that is stated above, and further, in substance, as follows: The conduct of M. in refusing to cancel his security deed was with the fraudulent intent to put it out of the power of T. and P. to negotiate the loans, so that the property might be brought to forced sale under the prior liens, and that he might become the purchaser. He had damaged them in the sum of twenty thousand dollars, and was attempting to sell the farm lands, and there was danger of the notes falling into the hands of innocent purchasers. Plaintiffs elected to rescind the contract, and to that end offered to return to M. all that they had received from him, and to fully restore the status. The prayers were for rescission, cancellation of the deeds, injunction, and process. An amendment to the petition was allowed over objection. At the hearing the court sustained the demurrer to those portions of the petition which sought to recover damages, and overruled the demurrer upon all other points, thus leaving the petition to stand as an action for rescission and accounting. The defendant excepted. *Held:*

1. There being no exception to the judgment striking so much of the petition as seeks damages, the only questions relate to the sufficiency of the allegations to state grounds for cancellation of the deeds and for rescission.

2. The covenant to surrender the security deed and accept a substitute was not a condition precedent, and the remedy for a breach of the covenant is an action for damages.

3. "An absolute deed of conveyance will not, at the instance of the grantor, be canceled merely because of a breach by the grantee of a promise made by him, in consideration of which the deed was executed." *Christian* v. *Ross*, 145 *Ga.* 284 (88 S. E. 986).

4. It was error to overrule the general demurrer to the petition.

> *Judgment reversed. All the Justices concur.*
> NOVEMBER 18, 1916.

Equitable petition. Before Judge Walker. Wilkes superior court. October 21, 1915.

*J. M. Pitner* and *Moore & Pomeroy,* for plaintiff in error.
*S. H. Sibley, W. O. Wilson,* and *I. T. Irvin Jr.,* contra.