## WHIDBY v. WILLIS.

A conveyance of land on consideration of $100 cash paid and of the grantee's agreement to pay a specified indebtedness of $1000 owed by the grantor is not defeated by failure to comply with the obligation so assumed. There being in the instrument of conveyance nothing indicating an intent to create a condition, the grantor's remedy on breach of the agreement is an action for damages.

No. 2044. JANUARY 14, 1921.

Complaint for land. Before Judge Hammond. Richmond superior court. April 20, 1920.

*Hamilton Phinizy,* for plaintiff. *J. S. Watkins,* for defendant.

FISH, C. J. On March 28, 1919, Emula C. Whidby brought an action against T. M. Willis for land, for damages for the cutting and removal of timber therefrom, and for mesne profits. The land is the 148-acre tract described in a conveyance from defendant to plaintiff, upon which she relies as title, a copy of which is as follows: " Georgia, Richmond County. In consideration of $100.00, in cash paid to me by Mrs. Emula C. Whidby, and her agreement to pay my indebtedness to the Tubman Home of $1000 and interest, I hereby bargain, sell, convey, and quitclaim to Mrs. Emula C. Whidby all that portion of the LaTaste Place lying on the east side of the Savannah dirt road, about fourteen and one half (14-½) miles from Augusta. Said tract containing 148 acres, and bounded north by Gepfert; east by Chavous and Griner, south by Griner, and west by Savannah dirt road. That portion of the LaTaste Place lying to the west of the Savannah road, 60 acres

more or less, is not sold. I am to retain possession of the dwelling-house on the property hereby conveyed on the east side of Savannah road until March 1, 1918, and I also retain the title to the crop on the place, garden, vegetables, etc., which are to be moved by me prior to March 1, 1918, and I am to use firewood from said place hereby conveyed until March 1, 1918. Witness my hand and seal this 29th day of October, 1917. T. M. Willis (L. S.) Signed, sealed, and delivered in the presence of: Harriet Stanfield, Hamilton Miller, Notary Public, Richmond County, Ga." The petition was demurred to and dismissed on the ground that it failed to show that the plaintiff "had complied with her agreement of October 29, 1917, attached to the petition." The plaintiff excepted.

The court erred in sustaining the demurrer. The agreement of the grantee in the conveyance to pay, in addition to the $100 paid in cash, an indebtedness of $1000 of the grantor to the Tubman Home, is a mere obligation to pay such indebtedness as a part of the consideration, and is not a condition, there being nothing in the conveyance to indicate an intention to create a condition. The mere failure of the grantee to comply with such agreement would not defeat the conveyance, but would amount to nothing more than a breach of the obligation, for which the grantor would have a cause of action for damages. *Nathans* v. *Arkwright,* 66 *Ga.* 179; *Brand* v. *Power,* 110 *Ga.* 522 (36 S. E. 53) ; *Southern Bell Tel. Co.* v. *Harris,* 117 *Ga.* 1001 (44 S. E. 1007) ; *Thompson* v. *Hart,* 133 *Ga.* 540 (66 S. E. 270) ; *Wood* v. *Owen,* 133 *Ga.* 751 (66 S. E. 951) ; *Davis* v. *Davis,* 135 *Ga.* 116 (69 S. E. 172) ; *Self* v. *Billings,* 139 *Ga.* 400 (77 S. E. 562) ; *Christian* v. *Ross,* 145 *Ga.* 284 (88 S. E. 986) ; *Moore* v. *Turner,* 146 *Ga.* 197 (91 S. E. 13) ; *Johnson* v. *Hobbs,* 149 *Ga.* 587 (101 S. E. 583).

*Judgment reversed. All the Justices concur.*