## HOUSE *v.* JOHNSON.

No. 7556. September 19, 1930.

*J. H. Paschall* and *Y. A. Henderson,* for plaintiff.

*J. M. Lang,* for defendant.

Russell, C. J.   1.   Mrs. House had set apart to her by the court of ordinary, as a year's support, the sum of $1000, which was described as the home place where she and her deceased husband had lived, an undivided half interest in one tract of land of 105 acres, an undivided half interest in another tract of 62 acres, certain crop rents on said lands, and certain cows.   Miss Johnson caveated these allowances of the appraisers appointed by the ordinary, but the court of ordinary made them the judgment of the court.   Mrs. House then brought a suit in the superior court against Miss Johnson, to recover $650 for rents and as value of certain cattle; and Miss Johnson answered setting up by cross-action that the husband of plaintiff was indebted to her in the sum of $3000 on his promissory note secured by his mortgage to her for his undivided half interest in the above 167 acres; that she and said husband of plaintiff had jointly purchased said 105 acres and said 62 acres, and she held the deeds thereto made to her and him jointly, but she had furnished the purchase-money and he owed her for his share of the purchase-money as represented by said note. Evidence was introduced to uphold the contentions of both sides. The judge charged the jury, that, under the Civil Code (1910), § 4048, "Whenever the vendor of land shall make a deed thereto, and take a mortgage to secure the purchase-money thereof, neither the widow nor children of the vendee shall be entitled to a year's support in said land as against said vendor, his heirs, or assigns, until the purchase-money is fully paid;" and that if House and Miss Johnson bought said lands jointly, but she paid his part of the purchase-price and he gave her a mortgage to secure his note therefor, she became his vendor under said section of the Code, but she would have to show this by a preponderance of the testimony. The jury returned a verdict finding for the defendant the sum of $2550 and the cattle involved, and for the plaintiff the sum of

$275.03, nearly all of which was cash collected on rents by defendant, thus awarding plaintiff the money sued for, since defendant's note was reduced $450, but establishing defendant's equity in the lands jointly purchased. Mrs. House moved generally for a new trial, and specially on the ground that the charge above referred to was prejudicial in that it tended to make the jury believe the judge was of the opinion that such relation of vendor and vendee existed. The motion was overruled, and the plaintiff excepted. The plaintiff demurred to the answer of the defendant, upon the ground that it contained a cross-action with allegations immaterial and irrelevant to the issue, since all matters set up made a case inferior to plaintiff's year's support. The judge overruled the demurrer, and plaintiff excepted pendente lite, and assigned error thereon in the bill of exceptions.

For the sake of brevity and clarity both the question raised by the demurrer and by exception to the charge are treated together. The whole question in the case is whether the debt which Miss Johnson sought to assert in her cross-action is superior to the year's support set apart to Mrs. House. The learned trial judge appears to have assumed that the year's support was inferior to the mortgage given by the deceased husband to Miss Johnson. In this we are of the opinion that the judge erred. There is no question that the year's support was irregularly applied for or allowed, though Miss Johnson did contend herself that the property set apart as a year's support of $1000 was worth more than that sum. She had filed a caveat, but the appraisers' return was sustained. It appears also that Miss Johnson appealed to the superior court, but later withdrew her appeal, perhaps preferring to rely upon a cross-action and answer to the suit of Mrs. House which Miss Johnson may have anticipated. Mrs. House merely sued for $650, claiming this represented rents and value of certain cattle enjoyed by Miss Johnson but belonging to the estate of her husband and then herself. The cross-action amounts to an attack upon the year's support set apart after withdrawal of an appeal from its award. Reliance is upon Civil Code (1910), § 4048, set out above, under which a year's support is inferior to a demand for purchase-money of lands set apart. Without considering the proposition that the claim asserted by the cross-action came too late, the judge erred in sustaining the demurrer and also in charging the jury as above-

stated, because it plainly appears that the original owners of the land, who sold the same to Miss Johnson and House jointly, were one Fox and one Miller, and that they executed warranty deeds to defendant and House jointly, under which House became grantee to an undivided half interest as well as did defendant. So that no matter how much House owed Miss Johnson for advancements or otherwise, her own testimony establishes that she never was the owner of House's half interest in the land. His was conveyed to him at the same time hers was conveyed to her. If title had been made to her alone, and she thereafter had given a bond for title to House and had taken his loan deed to secure his note for the sum of money, she would have been the owner and could have proceeded in the manner here attempted. But she permitted House to take title with her, and whatever she advanced to pay Fox and Miller for House was a mere open account as against House. The sum House is alleged to owe her is $3000; the two tracts of land involved were bought for $9400, half of which is $4700. The Fox and Miller deeds to Miss Johnson and House jointly were made in 1919. The House mortgage to Miss Johnson, and promissory note, were made the same day in 1921. The mortgage stated that upon payment of the $3000 debt it was to become void, and was in the usual defeasible form. So Miss Johnson was never at any time the sole owner of the land. Fox and Miller sold to her and House, and she paid House's part of the purchase-money, $3000 or more. Miss Johnson therefore does not come within the provision of § 4048 of the Code, making the exception to the rule that a year's support is superior to all claims against the husband's estate, even taxes, medical bills and burial expenses. The above charge of the court is a correct principle of law where applicable, but it was not applicable to the facts of this case, since title was as much in House as in Miss Johnson. It was therefore error, and the verdict in accordance with it without support. The judgment of the court of ordinary was conclusive upon Miss Johnson. Whether it would have been void under different circumstances is not here material. It can not be set aside by a mere cross-action setting up this defense to a suit on an account.

*Judgment reversed. All the Justices concur except Hill and Hines, JJ., who dissent.*