JONES *v.* REID *et al.*

No. 11871. OCTOBER 15, 1937.

*B. J. Stevens,* for plaintiff in error. *J. Glenn Stovall,* contra.

RUSSELL, Chief Justice. Eliza Reid and Henry Stone filed suit against Bessie Jones and Richmond Brinson, seeking to cancel a certain deed from Brinson to Jones as a cloud upon their title, and to have the court decree title to certain lands to be in them. Before the return term Richmond Brinson died, and J. B. Stone was appointed administrator of his estate. These facts are alleged in the petition: Brinson was an aged and infirm man, about ninety years of age. He owned certain lands containing 110 acres, against which there were outstanding certain indebtedness, liens and taxes, which he was unable to pay. The plaintiffs were his niece and nephew. Brinson approached them and agreed that if they would pay off such indebtedness and take care of him during the remainder of his life, he would convey said 110 acres to them. Accordingly the plaintiffs paid the indebtedness against the property and owed by Brinson, and on June 27, 1927, he executed to them a warranty deed conveying 110 acres in two 55-acre tracts. The deed recites that in consideration of the payment by plaintiffs of said indebtedness, which is acknowledged therein by the grantor, and "of the agreement made by the parties of the second part to support and maintain said party of the first part for and during the remainder of his natural life, the said party of the first part has granted, bargained, sold and conveyed," etc. In the habendum clause this deed recites that the

grantees are "to have and to hold" said premises, etc., "subject only to the conditions hereinafter named. The party of the first part reserves to himself the right to possess and occupy said described land and to enjoy the rents and profits thereof so long as he may live." This deed also contains the statement, after the proper signing and sealing thereof by the grantor: "Georgia, Mc-Duffie County. We, the grantees in the above deed, accept the same subject to all the terms, conditions, and agreements therein contained, and agree to carry out the obligations therein imposed upon us." This agreement was signed under seal and in the presence of two witnesses, one of them a notary public, and was of even date with the deed. Richmond Brinson lived part of the time at the home of the plaintiffs and part of the time at his old home on the lands above referred to. In 1934, on an occasion when the plaintiffs went to the old home place to bring Brinson back to their home, he refused to come and refused to accept further support from them. He was in a very feeble condition, and easily influenced, and was persuaded to remain in his old home with the defendant Bessie Jones, who was occupying the premises at that time as a tenant; and yielding to her persuasion, on January 27, 1934, Brinson made a deed to her to a part of the land already conveyed by him to the plaintiffs, which deed was accepted by Bessie Jones "with full knowledge of the fact of his existing deed to plaintiffs, and with the intent to wrongfully and fraudulently deprive plaintiffs of their property rights. Said deed is recorded in the office of the clerk of the superior court of said county, in deed book V, page 310, a copy is attached hereto, marked exhibit B, and made a part of this suit." The consideration of this deed was that the grantee therein should support and maintain the grantor during the balance of his life. It conveys a fee-simple title to the grantee, and provides: "And the said party of the first part hereby warrants unto party of the second part a complete title; that there are no encumbrances against said land; that there are no equities held by any one; that he has the complete right to convey said property."

The administrator of the deceased Brinson answered and admitted the material allegations of the petition. Bessie Jones answered and admitted the execution of the deed by Brinson to the plaintiffs, but denied knowledge thereof at the time the deceased

conveyed said premises to her. She further set up that the plaintiffs failed and refused to support Brinson, and he was in want and need; that they converted his personal property and the rents received from his lands; that she took care of Brinson for several months before he made the deed to her, and thereafter she took care of him until his death at her home in December, 1935, which required constant nursing on her part and careful attention; and that she thereupon buried Brinson decently and defrayed the expenses thereof. She prayed that plaintiff's deed be canceled in so far as the 55 acres conveyed to her was concerned, and that the title to that portion be decreed in her. She demurred to the petition generally and on certain special grounds, particularly in that it failed to particularize or itemize the indebtedness of the deceased Brinson which the plaintiffs claimed to have paid off as a part of the consideration of their deed to him, the same being referred to only in general terms in the petition, without naming the amounts thereof or without such amounts being in any way definitely specified. The court overruled this demurrer. The plaintiffs' general demurrer to the answer of Bessie Jones was sustained, and the answer was stricken, the order of the court reciting that this was done under authority of *McCardle* v. *Kennedy,* 92 *Ga.* 198, and other Georgia authorities. The jury returned a directed verdict, finding the title to said lands to be in the plaintiffs and that the deed to the defendant Bessie Jones be canceled. A judgment and decree were entered, decreeing title in the plaintiffs, and ordering the deed to Bessie Jones delivered up and canceled, in lieu of which the decree was "to pass full title to plaintiffs." Bessie Jones excepted, assigning error on the overruling of her demurrer to the petition, on the order sustaining the plaintiff's demurrer to her answer, and on the verdict and judgment, upon the ground that such was contrary to law and against the principles of equity and justice.

A deed executed upon a consideration to support the grantor, without apt or proper words to create a condition a breach of which would render the estate defeasible at the grantor's election, passes title to the grantee, and the failure of the grantee to support the grantor may give the latter a right of action in equity to rescind the contract if the grantee is insolvent. *McCardle* v. *Kennedy,* 92 *Ga.* 198 (17 S. E. 1001, 44 Am. St. R. 85); *Jones* v.

*Williams,* 132 *Ga.* 782 (64 S. E. 1081). The language in the deed to the plaintiffs in this case, that the grantor, in consideration of their payment of certain indebtedness of his and of their support and maintenance of him during the remainder of his life, conveyed the described premises to the plaintiffs, did not create a condition subsequent which, upon the failure of the plaintiffs (grantees) to support and maintain the grantor, resulted in a forfeiture of the estate conveyed (*Jones* v. *Williams,* supra; *Thompson* v. *Hart,* 133 *Ga.* 540, 66 S. E. 270), but such language is properly construed as creating a covenant binding the grantees therein to perform. Also upon their failure to perform, if the grantor had been in life, he might have rescinded the contract by restoring to the grantees that part of the consideration represented by the payment of his indebtedness, offset by any profits they might have derived from the conveyance to them. Any right to rescind the contract made with the plaintiffs to support and maintain the grantor during his life, upon the failure of the plaintiffs so to do, would not have inured to the benefit of the defendant Bessie Jones, to whom the grantor subsequently conveyed a portion of the premises, but would have been in the grantor, and upon his death any right to sue for damages would have been in his personal representative. There is no claim by Bessie Jones that she is due anything on account of having supported the deceased grantor, but her alleged rights are claimed pursuant to the subsequent conveyance of a portion of the premises by the grantor to her, and at the time he executed such instrument, as we have seen, he did not have the title to any part of such lands, but the title had passed under the deed to the plaintiffs, and was not forfeited by their failure to perform the covenant therein as to supporting the grantor. This breach, however, amounted to a partial failure of the consideration of the deed, and did not justify and permit the grantor, in the absence of a proper rescission and cancellation of the deed and placing the parties in statu quo, to convey said premises or a substantial part thereof to another person in consideration of that person agreeing to support and care for the grantor during his life, as she did. It follows that the petition set out a cause of action good against a general demurrer, and that the answer of Bessie Jones did not set up an issuable defense. This being true, and

it not being contended that the plaintiffs had not paid the indebtedness of the grantor as stated in the deed, it was no concern of Bessie Jones to be apprised of the particulars of this indebtedness, and of the amounts and items thereof. The special demurrer directed to plaintiffs' petition on this ground was without merit.

The verdict and judgment in favor of the plaintiffs, canceling the deed of Bessie Jones, was not contrary to the law and the evidence, and was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*