## McGhee *v.* Minor.

DUCKWORTH, Justice. 1. While an absolute deed of conveyance will not, at the instance of the grantor, be canceled merely because of a breach by the grantee of a promise made by him, in consideration of which the deed was executed (*Brand* v. *Power,* 110 *Ga.* 522, 36 S. E. 53; *Christian* v. *Ross,* 145 *Ga.* 284, 88 S. E. 986; *Moore* v. *Turner,* 146 *Ga.* 197 (3), 91 S. E. 13), and the remedy of the grantor in such a case is a suit for damages for such breach (*Brand* v. *Power,* supra), yet where, as in the instant case, it is alleged that the grantee is insolvent, and

,the evidence shows that the forty-nine shares of stock involved were transferred to the defendant in consideration of her learning the plaintiff's business and assisting in its operation, and that she failed and refused to render this service to the plaintiff, and it appears that she is insolvent, equity will decree cancellation of the stock certificate and restore the same to the grantor. *Jones* v. *Williams*, 132 *Ga.* 782 (64 S. E. 1081); *Wyatt* v. *Nailer*, 153 *Ga.* 72 (4) (111 S. E. 419). Applying the foregoing principles of law, the evidence supported the verdict, and the general grounds of the motion for a new trial are without merit.

2. Inferences not warranted by evidence should not be indulged in by counsel in their arguments to the jury (Code, § 81-1009; *Gray* v. *Cole*, 20 *Ga.* 203; *Georgia Power Co.* v. *Puckett*, 181 *Ga.* 386, 182 S. E. 384); but we can not say that the judge abused his discretion in denying a motion to declare a mistrial because counsel for the plaintiff in his argument to the jury stated that the defendant was "educated in the underworld," where there was evidence that she was a woman of lewd character, who by false representations as to her age and character induced the plaintiff, an elderly man, to become her guardian and to spend large sums of money upon her and to convey valuable property to her. The special ground of the motion for a new trial is without merit.

3. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

No. 12850. SEPTEMBER 14, 1939.

*Marvin G. Russell,* for plaintiff in error.
*J. W. Plunkett Jr.,* and *Neely, Marshall & Greene,* contra.