## HOUSE *v.* HOUSE *et al.*

No. 13553.  March 13, 1941.

*Maddox & Griffin,* for plaintiff in error.
*Barry Wright* and *Leon & Dean Covington,* contra.

REID, Chief Justice. In 1933 Mrs. Betsy A. House conveyed to her son a house and lot upon the consideration "of the sum of $250 for repairs of the house on the land herein described, and agreement of the party of the second part, my son, to furnish me and my husband a home as long as we live, and love and affection in hand paid." The son with his wife and family went into possession of the property, made the repairs referred to as a part of the consideration, and fully performed the other obligation (as to furnishing a home for his father and mother) up to the time of his death in April, 1940. After his death his wife made application for a year's support from his estate, and appraisers filed a report setting apart for such purpose the whole estate, including this, described house and lot. Mrs. House, the grantor in the deed, and her husband, brought their petition against Mrs. House, the son's widow, alleging, beside the facts stated above, that the son's estate was insolvent; that his widow refused to carry out further their son's obligation to furnish them a home; that an accounting was necessary in order to restore the parties to the status quo. They offered to make proper allowance for support already furnished them, and prayed for rescission. They represented that there was no administration of the estate of their son, and that they did not occupy a status that would entitle them to have one appointed. By amendment they had the other heirs at law of the son made parties. The judge overruled a general and a special demurrer, and the defendant excepted.

The rule in this State is that where property, as in the instant case, has been conveyed without condition and full and complete title vests in the grantee, rescission will not be enforced for the benefit of the grantor upon a mere failure of consideration such as that caused by breach of an obligation cast upon the grantee in the deed, but the grantor will be held to his remedy in damages which he may have in an action at law. *Brand* v. *Power,* 110 *Ga.* 522 (36 S. E. 53); *Thompson* v. *Lanfair,* 127 *Ga.* 557 (56 S. E. 770); *Whidby.* v. *Willis,* 151 *Ga.* 43 (105 S. E. 470); *Brinson* v. *Hester,* 185 *Ga.* 761 (196 S. E. 412); *Davis* v. *Davis,* 135 *Ga.* 116 (69 S. E. 172); *Self* v. *Billings,* 139 *Ga.* 400 (77 S. E. 562); *Christian* v. *Ross,* 145 *Ga.* 284 (88 S. E. 986); *Hughes* v. *Ellis,* 139 *Ga.* 406 (77 S. E. 584); *Johnson* v. *Hobbs,* 149 *Ga.* 587 (101 S. E. 583). Presiding Justice Lumpkin, in discussing the rule in

*Brand* v. *Power,* supra, said: "His [the grantee's] failure to do as he promised amounts to nothing more than a mere breach of contract, for which the plaintiff had an adequate remedy by a proper action for damages. The deed passed the title to him without condition or qualification, as it contained no language making his title in any way dependent upon compliance with his contract to support his mother." However, rescission and cancellation have been allowed and enforced in equity where there had been a breach of a covenant which constituted the consideration, coupled with insolvency of the defendant. See *Schneider* v. *Smith,* 189 *Ga.* 704 (7 S. E. 2d, 76), where will be found a collection of authorities on the subject; *McGhee* v. *Minor,* 188 *Ga.* 635 (4 S. E. 2d, 565). If fraud in the original transaction be relied upon, an action in equity may be maintained for rescission. *Lanfair* v. *Thompson,* 112 *Ga.* 487 (37 S. E. 717). In other jurisdictions it has been allowed on various grounds, and frequently on the mere breach of the covenant; but almost always where insolvency, fraud, or other special facts would seem to render the remedy at law inadequate. Note in 112 A. L. R. 761; 9 C. J. 1181, 1185, §§ 45, 51; 4 R. C. L. 500, § 14.

In the present case no fraud is alleged, and no default is charged to the grantee. He had fully performed his contract until his death. His widow, who seeks the property as year's support, according to the petition, has said she would not perform the contract of her husband. The question is: can the grantor, as against the claim of the widow for a year's support, have a decree of rescission? The support of the family ranks first against the estate of a decedent. Code, § 113-1508 (1). It is ahead of taxes. *Georgia Refinancing & Loan Co.* v. *Marietta,* 178 *Ga.* 761 (174 S. E. 346). It is ahead of liens, judgments, and mortgages. It is likewise ahead of debts due by the deceased as trustee. The only exception in reference to land is that contained in the Code, § 113-1010, which declares: "Whenever the vendor of land shall make a deed thereto, and take a mortgage to secure the purchase-money thereof, neither the widow nor children of the vendee shall be entitled to a year's support in said land as against said vendor, his heirs, or assigns, until the purchase-money is fully paid. (Acts 1890-1, p. 227)." The grantor in the instant case took no mortgage back to secure the payment of the purchase-price, nor was there by vol-

untary act, or by law, any lien created on the land. There was no condition in the deed. Absolute title was vested in the grantee. Under the authorities cited above, he could have conveyed it before his death, or the lien of a judgment against him would have attached to it. It would have been available as an asset subject to the payment of his debts. *Schneider* v. *Smith,* supra. "Where property is conveyed for the consideration that the grantee will support and maintain for life the grantor, the failure of the grantee to carry out this agreement to support the grantor will not *of itself cancel the title* [italics ours] ; though, if the facts authorize it, an equitable action for rescission might lie." *Ayer* v. *First National Bank,* 182 *Ga.* 765, 767 (187 S. E. 27). In *Jones* v. *Reid,* 184 *Ga.* 764 (3), 768 (193 S. E. 235), it was ruled: "In such a case upon failure of · the grantees to support and maintain the grantor as provided, there would be no forfeiture of the estate conveyed, but a right of action in the grantor for a breach of contract. This breach however, amounted to a partial failure of the consideration of the deed, and did not justify and permit the grantor, in the absence of a proper rescission and cancellation of the deed and placing the parties in statu quo, to convey said premises or a substantial part thereof to another person. . ." Although by a divided court, Hines and Hill, JJ., dissenting, it was held in *House* v. *Johnson,* 171 *Ga.* 209 (154 S. E. 879), that where property was conveyed by warranty deed to two grantees, but one of the grantees thus holding title jointly with the other had advanced the purchase-money, the widow of the other grantee, to whom his one half undivided interest had been set apart as a year's support, had by virtue thereof a claim superior to that of the other grantee, asserted as for purchase-money.

It is to be borne in mind that there is no claim of fraud in the present case. The original transaction is not attacked in any way. It is not claimed that it is infected with any infirmity or wrong that would impair the title taken by the grantee. Indeed there is no breach charged to him which could be said to relate to and effect the transaction ab initio. ; He simply died. If his obligation to the grantor be considered as in the nature of a debt, there was nothing due on it. No breach had yet occurred. The default came by reason of his death, and the subsequent refusal of his widow (upon whom no legal duty rested in the prem-

682

ises) to perform in his behalf. Certainly rescission could not, as we have seen, have been had against a bona fide purchaser from him at the time. We think it is equally clear that her right to the year's support, being fixed by law as of the date of his death, and the appraisers having set the same apart, is superior to the right of the grantor to claim rescission as against her. In making this ruling we have not found it necessary to consider the whole range of inquiry which might be open in a case merely against the representative of an estate or the heirs at law where no claim for year's support was involved in competition with the right to rescind. Many cases dealing with this question are to be found in the annotation to Marcum v. Marcum, 94 W. Va. 686 (120 S. E. 73, 34 A. L. R. 133), in most of which rights such as our statutory provision for year's support are not involved. There would seem to be strong equitable principles to support the disposition given to a similar case in Keister v. Cubine, 101 Va. 768 (45 S. E. 285), where it was held: "Where a mother deeds a house to her daughter in consideration of a home for life, and the daughter performs her obligations till her death, when the property descends to her infant children, and the husband compels the mother to abandon the house, equity will not rescind the deed, but, through a receiver, will administer the property for the benefit of the children, subject to the right of the mother for support therefrom." It was further stated: "The grantee died, having faithfully performed her part of the contract during her lifetime. Her title devolved upon her infant children, who are not at fault, because they are not capable of performing the contract during the lifetime of their grandmother." In the present case the insufficient estate and the peculiar rights of the widow under our statute would not permit this relief, even if it comes within the scope of the plaintiff's prayers for relief. Our conclusion is that the petition was subject to the demurrer, and the action should have been dismissed. *Judgment reversed. All the Justices concur.*