HOGAN *et al. v.* BROGDON, administrator.

No. 14097.  SEPTEMBER 18, 1942.

*W. G. Mann, J. H. Paschall,* and *R. F. Chance,* for plaintiffs in error.

*Matthews, Owens & Maddox,* and *J. G. B. Erwin,* contra.

JENKINS, Justice. ■ On this the third trial of an action in ejectment by an administrator, and a cross-action by the defendants for specific performance, decreeing title in them to the land sued for under an alleged contract with the decedent, there was evidence, additional to that at the former trial, from the daughter of the decedent's nephew and niece bringing the cross-action. This witness testified as to the particular terms of the contract, which she heard stated by the parties themselves at the time the agreement was made. Such testimony, supplemented by that of the witnesses at a former trial and numerous new witnesses as to subsequent admissions by the decedent with regard to the terms of the contract, was sufficient to make an issue for the jury as to the existence of the contract.

There is no merit in the specific contentions of the administrator, defendant in error, that the court properly directed the verdict in his favor, because there was no testimony, such as is required in a suit for specific performance of a contract for support, as to the value of the agreed personal services, or as to their value in com-

parison with the value of the land to be acquired in consideration thereof. On this question there was testimony as to the nature and value of the services, and as to the value of the land by proof of the purchase-price and rental value, sufficient to have authorized a finding for the defendants.

■ As to whether or not, on this the third trial, there was proof as to *compliance* with the contract, which, as ruled above, the jury were authorized to find had been entered upon, the evidence appears to have been undisputed that those bringing the cross-action had fully performed, until the death of the uncle, the services which it was contracted they were to render, and had also fully performed the services on behalf of the uncle's brother so long as the uncle lived. Under this evidence, when taken in connection with the disputed evidence as to the existence and terms of the contract, which evidence as to the contract was that title to the land sued for was to vest in the defendants at the death of the deceased uncle, a verdict was authorized, but not demanded, in favor of the parties bringing the cross-action, irrespective of any failure on their part to care for the brother of the uncle until the death of the brother about a year and a half after that of the uncle. This is true for the reason that "The law inclines to construe conditions to be subsequent rather than precedent, and to be remediable by damages rather than by forfeiture." Code, § 85-902. Accordingly, if the contract existed as alleged, and as supported by conflicting evidence, specific performance would not be defeated by a partial failure to perform any promise remaining to be performed after the death of the uncle, at which time title was to vest, since there was no testimony that such a promise constituted a condition subsequent which might defeat the previous vesting of title. See *McCardle* v. *Kennedy,* 92 *Ga.* 198 (17 S. E. 1001, 44 Am. St. R. 85); *Kytle* v. *Kytle,* 128 *Ga.* 387 (2), 391 (57 S. E. 748); *Brand* v. *Power,* 110 *Ga.* 522 (36 S. E. 53); *Wood* v. *Owen,* 133 *Ga.* 751 (3) (66 S. E. 951); *Davis* v. *Davis,* 135 *Ga.* 116 (69 S. E. 172); *McGhee* v. *Minor,* 188 *Ga.* 635 (4 S. E. 2d, 565); *Schneider* v. *Smith,* 189 *Ga.* 704 (7 S. E. 2d, 76), and cit.; *House* v. *House,* 191 *Ga.* 678-680 (13 S. E. 2d, 817), and cit.

■ Moreover, a grantor may expressly or impliedly waive his right to claim a forfeiture under such a contract; and a suit for specific performance will not be defeated by a partial failure of

the moving party to perform his obligations under the contract, where before such failure the opposite party has himself renounced or repudiated the contract with any subsequent benefits. *Burkhalter* v. *DeLoach,* 171 *Ga.* 384 (2, 3) (155 S. E. 513), and cit.; *Smith* v. *David,* 168 *Ga.* 511 (2, *d, e*), 526, 527 (148 S. E. 265); *Wilkes* v. *Groover,* 138 *Ga.* 407 (2) (75 S. E. 353); *Jones* v. *Williams,* 132 *Ga.* 782 (3), 784 (64 S. E. 1081). Accordingly, under the evidence that the plaintiff administrator repudiated the alleged contract for the support of the decedent and his brother, as to any performance with respect to the brother after the decedent's death, by attempting to sell the land involved through the court of ordinary, and by bringing this ejectment suit for the recovery of the land, the jury, for this additional reason, were not compelled to find for the administrator, upon the defendants' cross-action for specific performance, on the administrator's contention that they were not entitled to specific performance because after the decedent's death they had breached the alleged contract by charging the brother's estate with part of the expenses of special nursing during his last sickness. It does not appear that the defendants did any act showing an intention to charge for such services until after the plaintiff administrator had applied to the ordinary for leave to sell the land involved, or that they asked to take credit for payments for such services until after the administrator had filed the instant ejectment suit to recover the land.

▇ There is no merit in the specific contention of the plaintiff administrator that the judge properly directed the verdict in his favor, because the defendants bringing the cross-action failed to introduce any proof as to the making of agreed permanent improvements during the life of the decedent, such as clearing and ditching the land and erecting a barn, since there was testimony as to the performance of this part of the alleged agreement.

▇ Nor is there merit in the additional contention of the administrator, that the alleged oral contract was made in 1930, that under the testimony of the defendants' daughter the land was to go to the defendants under a "straight deed" from their uncle, and therefore that the contract was barred by the statute of limitations. This is true since the plaintiff did not plead any statute or object to such testimony. Nor was there testimony as to any demand for such a deed, so as to cause any statute to begin to run; the deed,

with a reservation of a life-estate in the grantor, being one which might have been executed at any time before his death.

Under the preceding rulings, it was error to direct the verdict for the plaintiff administrator.

*Judgment reversed. All the Justices concur.*