## CORDELL *v.* CORDELL.

No. 16784. OCTOBER 11, 1949. REHEARING DENIED NOVEMBER 18, 1949.

R. A. Moore and Andrew J. Tuten, for plaintiff in error.

H. L. Causey and Blalock & Blalock, contra.

HEAD, Justice. ■ The defendant, by his answer and cross-action, sought a cancellation of the deeds made by the heirs of Mrs. Amanda Cordell to the plaintiff. The defendant alleged that these deeds were based in part on an agreement that a named daughter would reside with him and perform certain services in maintaining a home for him, and that the plaintiff would reside upon the property and by his work on the farm assist in retiring the indebtedness. A breach of the agreements as alleged would not entitle the defendant to cancellation of the deeds. *Brand* v. *Power*, 110 *Ga.* 522 (36 S. E. 53) ; *Christian* v. *Ross*, 145 *Ga.* 284 (88 S. E. 986).

It clearly appears from both the petition and the answer and cross-action of the defendant that a part of the consideration for the execution of the deeds by the heirs of Mrs. Amanda Cordell to the plaintiff was the agreement that a life estate in the entire property (equity of redemption) was to be conveyed to the defendant. Under the agreement and deeds as executed, the defendant exchanged a one-fifth undivided interest for a life estate in the entire property. If the agreements of the plaintiff and his sister had constituted the sole consideration for the execution of the quitclaim deeds to the plaintiff, and if at the time the plaintiff and his sister made the promise to perform

certain acts with reference to caring for the defendant and paying the indebtedness there was a present intention on the part of the promissors not to comply with it, a cause of action for cancellation might be shown, under the ruling in *Brinson* v. *Hester*, 185 *Ga.* 762 (1) (196 S. E. 412). Such are not the facts alleged, however. The exchange of an undivided one-fifth interest for a life estate was a valuable consideration; and where a substantial part of the consideration has not failed, the grantor's remedy would be an action for damages for the breach or partial failure of consideration. The defendant does not allege that the plaintiff is insolvent, nor are there any special facts or circumstances pleaded tending to show that an action for damages would not be an adequate remedy for the partial failure of consideration alleged.

■ If, as alleged by the plaintiff, there was an agreement between the plaintiff and the defendant that the balance of the indebtedness due on the notes was to be paid from the proceeds of the farm, and if, as alleged, such indebtedness was paid pursuant to this agreement, the defendant would not have any legal or equitable right to exercise the powers of the security deed, as transferee.

The defendant alleges that the money used by him to pay the balance due on the notes and security deed (which represented the purchase-price) was earned by him, and that he is entitled to be subrogated to the rights of the original holder of the security deed. Whether or not the transfer to the defendant was sufficient, under the act of the General Assembly of 1937 (Ga. L. 1937, pp. 481-482, Code, Ann. Supp., § 37-607), to vest in the defendant the right to exercise the power of sale contained in the security deed, is a question that need not be determined under the present state of the record. If, as contended by the defendant, the payments were made by him from his own funds, and if he did not agree, as a part of the consideration for the deed conveying him a life estate, to make the payments, he would be entitled to be subrogated to whatever rights the persons transferring the notes and security deed to him had at the time of such transfer. The defendant was not a mere volunteer. *Cornelia Bank* v. *First National Bank of Quitman,* 170 *Ga.* 747 (154 S. E. 234); *Lee* v. *Arlington Peanut Co.,* 176 *Ga.*

816 (169 S. E. 1); *Telfair Stockton & Co.* v. *Trust Co. of Ga.*, 203 *Ga.* 802, 810 (48 S. E. 2d, 532). He had a life estate in the property, and was therefore interested in preserving this interest. If, upon a trial of the case, the jury should find that the defendant's allegations are true, the defendant would be entitled to assert a lien against the property for the payments made, provided he proves that the payments were made to persons entitled to receive them. The defendant's answer made a question of fact to be submitted to the jury, and the trial court erred in striking the answer and cross-action, as amended.

*Judgment reversed. All the Justices concur.*