## 18343. HARRY *v.* GRIFFIN *et al.*

CANDLER, Justice. Mrs. Mabel Harry instituted a suit in equity against Mrs. Annie Mary Griffin, individually, and also against her and three other named persons as sole heirs at law of A. G. Griffin, deceased. As amended, her petition alleges: The plaintiff, by a warranty deed which she executed and delivered on December 8, 1944, conveyed to A. G. Griffin a described house and lot in Meriwether County, the consideration expressed and receipted for in the deed being $2,750. A copy of her deed is attached to and made a part of the petition, the habendum clause of which recites: "To Have and to Hold, the said bargained premises, together with all and singular the rights, members and appurtenances thereof, to the same being, belonging or in anywise appertaining, to the only proper use, benefit and behoof of the said party of the second part, his heirs and assigns, forever in fee simple." She accepted her grantee's check for the purchase price, but discovered on August 12, 1952, that the check had not been paid by the bank on which it was drawn due to an error in the preparation of it by the maker. A. G. Griffin, by security deed, conveyed the property purchased from her to the Meriwether Federal Savings &. Loan Association of Manchester, Georgia, "and plaintiff admits that said Meriwether Federal Savings & Loan Association is an innocent purchaser for value and without notice of plaintiff's right, title and interest in said property, to the extent of the balance due on the indebtedness for which said security deed was given." A. G. Griffin died intestate, and his equity in the house and lot together with other property was set apart as a year's support to Mrs. Annie Mary Griffin, his widow, at the September term, 1950, of the Court of Ordinary of Meriwether County, and she is now in possession of the property. The estate of A. G. Griffin is insolvent, unrepresented, and the plaintiff, not being a creditor, is without authority to apply for letters of administration on his estate. The prayers are for process; that the plaintiff's deed to A. G. Griffin be canceled except as to the security deed executed by him to the Meriwether Federal Savings & Loan Association to the extent of the balance due on the indebtedness for which such security deed was given; that the judgment setting apart a year's support to the defendant Mrs. Griffin be declared null and void and of no effect; and that she be granted every equitable right available to her under the facts as pleaded. The petition was dismissed on general demurrer. The plaintiff excepted. *Held:*

1. As between the grantor and the grantee, in the absence of fraud, any sum paid or contracted to be paid is sufficient consideration to make a conveyance of realty valid. *Nathans* v. *Arkwright,* 66 *Ga.* 179 (1a); *Brand* v. *Power,* 110 *Ga.* 522 (36 S. E. 53); *Martin* v. *White,* 115 *Ga.* 866, 868 (42 S. E. 279); *Southern Bell Telephone &c. Co.* v. *Harris,* 117 *Ga.* 1001 (2) (44 S. E. 885); *Whidby* v. *Willis,* 151 *Ga.* 43 (105 S. E. 470), and citations. Hence, when title to realty passes by an absolute deed of conveyance, as it did in this case, the fee-simple estate conveyed thereby is not forfeited, as the plaintiff in error contends, merely because of the grantee's failure to pay the consideration for which the deed was actually executed; and this is so since the obligation to pay the purchase

money may be enforced by appropriate legal action. *Lindsey* v. *Lindsey,* 62 *Ga.* 546; *McCardle* v. *Kennedy,* 92 *Ga.* 198 (17 S. E. 1001); *Jones* v. *Reid,* 184 *Ga.* 764 (3) (193 S. E. 235), and the cases there cited.

2. The deceased grantee, according to the allegations of the petition, was vested with absolute title to the property in question at the time of his death, and under Code § 113-1508 (1) and the full-bench ruling of this court in *House* v. *House,* 191 *Ga.* 678 (13 S. E. 2d 817), there is manifestly no merit in the contention that the judgment setting apart a year's support to Mrs. Griffin is null and void and of no effect; and the decision in the *House* case, supra, which elaborates the ruling there made, renders further discussion of the question here presented unnecessary.

3. The petition, as amended, failed to state a cause of action for any of the relief sought; this being true, it was properly dismissed on general demurrer.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 15, 1953—DECIDED OCTOBER 14, 1953.

*W. S. Allen,* for plaintiff in error.
*George C. Kennedy, H. Briscoe Black,* contra.