## 22041. HARDEN v. ORR.

ARGUED MAY 14, 1963—DECIDED MAY 29, 1963.

*James O. Goggins*, for plaintiff in error.

*McFarland & Cooper*, contra.

ALMAND, Justice. The judgment under review is one sustaining a general demurrer to a petition to cancel two quitclaim deeds.

The petition of Willie Mae Harden in substance alleges: that she is the daughter of C. W. Orr; that in January, 1958, the defendant informed her that he would convey to her certain real estate if she would take care of and support him and his wife for the rest of their lives, and they to have the use of and occupy the house at 971 Oakland Dr., Atlanta, Georgia, for the rest of their lives (that home being the real estate which was to be conveyed—along with all the rest of defendant's property, both real and personal); that plaintiff accepted this offer and executed a contract which provided: "C. W. Orr agrees to convey all of the real and personal estate which he owns to Willie Mae Harden. The said Willie Mae Harden agrees to support C. W. Orr, and Leila L. Orr, to furnish food, clothing, and medical care, and have the use of and occupy the house at 971 Oakland Dr., Southwest, Atlanta, Fulton County, Georgia, for the rest of their natural lives." The petition goes on to allege that on the same date the contract was made, January 22, 1958, the defendant executed two warranty deeds conveying two described tracts of land to the plaintiff, reciting as consideration ten dollars and other valuable consideration. These deeds contained no restrictions, conditions or limitations. It was alleged that

at the time the deeds were executed the defendant requested the plaintiff to execute two quitclaim deeds to the same parcels of real estate to plaintiff and his wife, the defendant stating: "that he wanted said quitclaim deeds in the event the plaintiff predeceased him and his wife or in the event that plaintiff did not abide by the agreement and that only in one of these events would the defendant have the said quitclaim deeds recorded." The petition then went on to allege that plaintiff on January 22, 1958, executed the two quitclaim deeds to the defendant and his wife, Leila Orr; that Leila Orr died in September, 1960; that Leila Orr died intestate leaving the defendant as her sole heir at law; that the defendant remarried in October, 1960, and in July, 1961, had the two quitclaim deeds recorded; that plaintiff has fully performed and is now performing her agreement to support and care for the defendant; that the two quitclaim deeds are invalid and void and being a cloud on her title should be canceled. Her prayers were: "That plaintiff have judgment against defendant that she has fulfilled her agreement to defendant to date; that the two quitclaim deeds described in the petition be declared without right at this time, and canceled from the records of the Fulton Superior Court Clerk's office."

■ The contract between the parties made no reference to the execution of the two quitclaim deeds. The quitclaim deeds make no reference to the contract between the parties as to support and do not contain any conditions, restrictions or limitations as to their use by defendant. The petition merely discloses an oral agreement between the parties as to what the defendant would do with the deeds upon the happening of specified events in the future. The plaintiff seeks to engraft certain conditions upon these two quitclaim deeds by parol evidence. This she cannot do. In *Brand v. Power*, 110 Ga. 522 (1) (36 SE 53), it was said: "An absolute deed of conveyance will not, at the instance of the grantor, be canceled merely because of a breach by the grantee of a promise made by him in consideration of which the deed was executed." See also *Moore v. Turner*, 146 Ga. 197 (91 SE 13), and *House v. House*, 191 Ga. 678 (13 SE2d 817).

The plaintiff contends that since the contract, the two war-

ranty deeds and the two quitclaim deeds were simultaneously executed by the parties they should be considered together as one contract by virtue of *Code* § 38-502 which provides: "All contemporaneous writings shall be admissible to explain each other. . . ." Conceding that these written documents should be considered together, neither the contract nor the warranty deeds contain any reference to the execution of the two quitclaim deeds by the plaintiff. The quitclaim deeds make no reference to the contract or the warranty deeds.

Under *Code* § 38-502, which is a rule of evidence, when a contract has been reduced to writing, before parol evidence can be admitted to show a collateral agreement it must appear from the contract itself or from the attendant circumstances that the contract is incomplete and that what is sought to be shown as a collateral agreement does not in any way conflict with or contradict what is contained in the writing. *Forsyth Mfg. Co. v. Castlen*, 112 Ga. 199 (6) (37 SE 485, 81 ASR 28). There is nothing in the two quitclaim deeds to show or indicate that they are incomplete, but, on the contrary, they being absolute, there is nothing therein to invite consideration of them with the other written documents by parol evidence.

■ As to the plaintiff's prayer that she have a decree that she has fulfilled her agreement to date: Having held that plaintiff cannot have the quitclaim deeds set aside, a decree that she has performed her part of the agreement to date would be merely an advisory opinion since, were we to authorize a decree that plaintiff has fulfilled her agreement to date, no consequences would follow from such a decree. The petition fails to show any reason for the grant of this prayer.

There was no error in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*