**FORD et v FORD**

Ohio Appeals, 3rd Dist.,
Marion Co.

No. 946. Decided Feb. 18, 1942.

Mouser & Mouser, Marion, for plaintiffs-appellants.

J. W. Jacoby, Marion, for defendant-appellee.

## OPINION ·

By GUERNSEY, J.

This is an appeal upon questions of law, from a judgment of the Court of Common Pleas of Marion county.

The action was originally filed by Erasmus J. Ford against his son Edward G. Ford for the cancellation of three certain deeds executed by Erasmus J. Ford to Edward G. Ford.

In his petition Erasmus J. Ford alleged that the deeds mentioned were made, executed and delivered by him to said Edward G. Ford subject to the life estate of the grantor in the property conveyed and subject to the condition and agreement on the part of the grantee Edward G. Ford that he would provide lodging, board and washing for the grantor Erasmus J. Ford as long

as he may live, and that the said Edward G. Ford had failed to perform said condition and agreement.

Some time after the bringing of the action, Erasmus J. Ford died and Herbert R. Ford was duly appointed and qualified as administrator of his estate, and upon his motion was substituted as party plaintiff in said action, for Erasmus J. Ford, deceased.

Later upon application duly made to the court, leave was given to plaintiff to file a second amended petition. In this petition all the children and heirs of Erasmus J. Ford, other than Edward G. Ford, joined as plaintiffs with the administrator.

In the second amended petition the same facts were alleged as in the original petition, and in addition thereto alleged that some time prior to the giving of said deeds and at the time said deeds were given, said Erasmus J. Ford and the defendant occupied a confidential relationship as father and son; that said Erasmus J. Ford was eighty-six years of age and possessed a weak mind by reason of sickness and mental decline, as a result of which the defendant by exercising said confidential relationship wrongfully and fraudulently influenced the said Erasmus J. Ford to deed said properties to him.

Following the description of the real estate in each of the deeds mentioned, the following clause appears: "The within deed is given subject to the life estate of the grantor herein, and the agreement on the part of the grantee that he will provide lodging, board and washing for the grantor so long as he may live."

The habendum clause, following the above clause in each of the deeds, reads as follows: "To have and to hold said premises with all the privileges and appurtenances thereunto belonging, to said grantee Edward G. Ford subject to the reservations and conditions hereinbefore stated immediately following the description of the property herein conveyed."

The stated consideration in each of the deeds is "one dollar and love and affection."

In two of the deeds the grantee assumes and agrees to pay taxes and assessments and certain mortgage indebtedness on the property conveyed.

The case was heard on the second amended petition of plaintiffs and the answer of the defendant thereto, and the evidence. In the conclusion of the evidence offered by plaintiffs in support of the second amended petition, defendant moved the court that the second amended petition of plaintiffs be dismissed, and for judgment for defendant. The court sustained said motion and dismissed the second amended petition of plaintiffs and rendered judgment for defendant. Motion for new trial was duly filed and overruled, and the same judgment entered. It is from this judgment that this appeal is taken.

Among the grounds set forth in the motion for a new trial, is the ground that "The order of the court in sustaniing the motion of defendant to dismiss the second amended petition of plaintiffs at the close of plaintiffs' evidence is contrary to the evidence and is contrary to law."

In their assignments of error the plaintiffs do not specify as ground for reversal, error in the overruling of motion for new trial, but do specify error in the overruling of the above motion, and further specify as ground for reversal, "all other errors manifest on the face of the record", and in their briefs argue that the find-

ing and judgment of the court are contrary to law and also contrary to the evidence, that is, are against the weight of the evidence, which constitutes a sufficient reservation, assignment and presentation of the ground of error that the finding and judgment are contrary to law and of error in overruling the motion for new trial based upon the ground that the finding and judgment of the court are not sustained by sufficient evidence, that is, are against the weight of the evidence. Words and Phrases, Contrary to Evidence, Volume 9, page 358.

The action of the trial court in sustaining the motion of the defendant to dismiss the second amended petition of plaintiffs and to render judgment for defendant, was proper only in the event of the existence of either of the two following situations, namely:

1. If the evidence did not tend to prove a prima facie case in favor of the plaintiffs against the defendant.

2. If the evidence tended to prove a prima facie case, but the weight thereof was insufficient to sustain a finding and judgment based thereon in favor of plaintiffs against defendant.

In determining whether the trial court erred in sustaining the motion and in rendering judgment, it is therefore necessary to consider whether or not the evidence tended to prove a prima facie case. If it did not, the court did not err in the respect mentioned. On the other hand, if it is determined that the evidence tended to prove a prima facie case it is necessary to further determine whether or not the finding and judgment of the trial court are sustained by sufficient evidence, that is, whether or not the finding and judgment are against the weight of the evidence.

The general rules applicable to cases of the character of the instant case are stated in Pomeroy's Equity Jurisprudence, Second Edition, Volume 5, Section 2108, pages 4755, 4756, 4757 and 4758, as follows:

"Equitable Relief Where Consideration of Conveyance has Failed—Rescission of 'Support Deeds.'

It is, of course, the general rule that the mere failure by a grantee to perform a promise, which formed the whole or part of the consideration inducing an executed conveyance, gives right to no right of rescission in the grantor, either at law or in equity. unless such promise amounts to a condition; and it is a rule of construction that, in case the language or intention is doubtful, 'the promise or obligation of the grantee will be construed to be a covenant, limiting the grantor to an action thereon, and not a condition subsequent, with the right to defeat the conveyance.' This rule has been found to work a great hardship in the frequent cases where an aged person has conveyed all his property to a son or other relative on the consideration, often oral, that the grantee shall support and care for the grantor during the remainder of the grantor's life, and the grantee, while retaining the land, has abandoned the performance of his obligation. Legal relief by periodic suits for damages is manifestly inadequate; and many courts have sought to evade the operation of the rule and afford the grantor some equitable relief that should include the reinvesting of his title to the land. Thus, the courts of Illinois, in a series of cases, have decreed rescission, based on a legal presumption of the grantee's fraudulent intention, at the time of procuring the convey-

ance, to fail in the performance of his obligation. In Wisconsin and Indiana the grantee's promise, though oral, is treated as a condition subsequent, on breach of which the gratnor has the right of re-entry, and, generally, the right to have his title quieted or the cloud cast thereon by the conveyance removed. In a number of other states the courts have not been at pains to bring the case within the analogy of any principle of general application, but have granted cancellation or a reconveyance on the mere ground of the hardship of the situation and the inadequacy of the legal remedy of damages, thus adding to the long list of constructive frauds a new and independent species. In still other states equitable relief in this class of cases is refused, in obedience to the general rule stated at the beginning of this paragraph."

It appears from the reported cases that while the courts of Ohio are not definitely committed to any of the rules as to the cancellation of conveyances, above set forth, they have uniformly decreed cancellation in actions brought by grantors of real estate, against grantees thereof, where the consideration for such conveyances has been an agreement on the part of the grantee to support the grantor, and the grantee has failed to perform such agreement, although in such cases there were present additional equitable grounds for relief by way of cancellation.

Leading examples of this class of cases are the cases of **Tracey v Sackett, 1 Oh St 54,** and **Atwater v. Jones, 24 O. C. C. (N. S.) 328.**

In the case of Tracey v Sackett the Supreme Court affirmed a decree setting aside a conveyance in

an action by a grantor against a grantee where the consideration for such conveyance was the agreement of the grantee to support the grantor and there had been a partial failure on the part of the grantee to perform such agreement for support. This decree also required the grantee to account to the grantor for rents and profits of the real estate, and gave the grantee credit for the maintenance he had furnished, and made an adjustment of the accounts between the parties generally.

The Supreme Court in this case predicated its action upon the rule that where there is imbecility or weakness of mind arising from old age, sickness, intemperance, or other cause, and plain inadequacy of consideration; or where there is weakness of mind, and circumstances of undue influence and advantage, in either case, a contract may be set aside in equity.

In the case of Atwater, Guardian v Jones, supra, in a similar action the Circuit Court of Cuyahoga county set aside conveyance from a mother to a son, given in consideration of grantee's agreement to support the grantor, where the grantee had failed to perform his agreement.

The court in this case predicated its action upon the theory that a fiduciary or confidential relationship existed between the parties to the transaction by reason of their blood relationship and the weakness of mind of the grantor, casting the burden upon the grantee filling the position of active confidence to establish beyond all reasonable doubt the perfect fairness and honesty of the transaction, which the grantee failed to do.

Both of the cases mentioned, although they involve additional equitable grounds for relief and

the relief granted is predicated on different theories, in their liberality in granting relief tend to support the rule above referred to, adopted in a number of states to the effect that cancellation or reconveyances may be granted in this type of cases on the mere ground of the hardship of the situation and inadequacy of the legal remedy of damages, which we approve as the correct rule.

In the instant case the provision in the habendum clause in each of the deeds, to the effect that the grantee is "to have and to hold the premises subject to the conditions hereinbefore mentioned", comprehending the condition that the grantee will provide lodging, board and washing for the grantor as long as he may live, constituting a condition subsequent, brings the case within the rule in effect in Wisconsin and Indiana, above mentioned, where the promise to support is treated as a condition subsequent, upon the breach of which the grantor has a right of re-entry, and, generally, the right to have his title quieted or the cloud cast thereon by the conveyance removed.

Under the authorities mentioned and the rules deduced therefrom, the action for cancellation being originally instituted by the grantor. it was only necessary for the plaintiffs to offer evidence tending to prove the failure of the grantee to perform his agreement to support the grantor, in order to make a prima facie case.

The evidence introduced by the plaintiffs in the instant case tended to prove all such facts and in addition thereto tended to prove the relationship of the parties, the great age of the grantor and his mental weakness, and that by reason of the rental derived therefrom the property conveyed was of value greatly in excess of the support furnished, and was sufficient in all respects to make a prima facie case.

The evidence was all credible, substantial and not conflicting and was uncontroverted, and the presumed finding of the court, upon which the judgment is based, is against the weight of the evidence.

For this reason the judgment will be reversed and the cause remanded for a new trial and further proceedings according to law.

As a new trial has been ordered in this cause it is proper to call attention to the fact that in cases of this character where relief by way of cancellation is granted, the court may make an accounting and adjust any equities between the parties incident to or arising from the contract for support, as was done in the decree in the case of **Tracey v Sackett, 1 Oh St 54.** And in the exercise of its equitable jurisdiction the court, if it finds on said accounting and adjustment of equities that the reasonable value of the things furnished by the grantee to the grantor or done by the grantee for the grantor, within the terms of the contract, or for his use and benefit within said terms, or for the imperative benefit of the real estate conveyed, within said terms, is in excess of the reasonable value of the benefits received by the grantee under said contract, may decree a lien in favor of the grantee on said real estate for the amount of such excess.

KLINGER, PJ., & CROW, J., concur