[Civ. No. 12038.   First Dist., Div. One.   Nov. 7, 1942.]

C. F. BORDEN, Respondent, v. RUTH S. BOYVIN, as Administratrix with the Will Annexed, etc., Appellant.

Jerrell Babb for Appellant.

A. Terkel and Dryer, Richards & Page for Respondent.

WARD, J.—This appeal is taken by defendant as administratrix of her mother's estate from a judgment for plaintiff in an action brought by him upon a claim of title to real property.

On May 24, 1932, C. F. Borden, Sr., a widower, entered into a written agreement with his sister Arabelle Stronach, a widow, whereby Mrs. Stronach agreed to execute a grant deed to her brother covering property on which she resided at Hermosa Beach upon the consideration that he advance her at any time or times, within his sole discretion, various amounts of money up to the sum of $3,000. It was further agreed that Mrs. Stronach should pay all taxes, assessments, charges for water, light and gas, and any and all encumbrances that were or might be created against the property, of which she should have the use as long as such items were paid. The parties further agreed that C. F. Borden, Sr. would reconvey the property to Mrs. Stronach in the event she found a purchaser ready, able and willing to buy it, or whenever she should have repaid the amounts advanced by him under the agreement, together with interest thereon at the rate of 7 per cent per annum.

Simultaneously with the execution of the agreement, and in compliance therewith, Mrs. Stronach conveyed the property by grant deed to her brother, who duly recorded the instrument and over a period of years advanced her sums aggregating $2,437.74.

Until her death on January 7, 1936, Mrs. Stronach remained in possession, since which time her daughter, appellant herein—who was the sole beneficiary under her mother's will, and who was appointed administratrix of her estate—has occupied the property.

In August of the year 1936, shortly before he died, C. F. Borden, Sr. deeded the property to his son, plaintiff herein. At such time the son had full and complete knowledge of the agreement above mentioned and of the deed from Mrs. Stronach to his father.

Notice to creditors in the matter of the estate of Mrs. Stronach was duly and regularly given, but no claim was filed therein by C. F. Borden, Jr.

Several years later, C. F. Borden, Jr. commenced an action against defendant herein as administratrix of her mother's estate, wherein he prayed that the court decree that his predecessor, C. F. Borden, Sr., was during his lifetime the owner in fee simple of the property; that Mrs. Stronach

in her lifetime, and her daughter as administratrix of her estate, had no right, title or interest therein; that the cloud upon his title be removed and that he be declared the owner in fee simple thereof. He subsequently filed an amended complaint, wherein he prayed for the same relief. Defendant herein, as administratrix, filed a general demurrer thereto, which was sustained without leave to amend, but the clerk of the court failed to enter judgment in her favor based on the order sustaining the demurrer.

On March 19, 1940, plaintiff brought the present action for declaratory relief upon allegations similar to those of the above mentioned amended complaint the demurrer to which had been sustained without leave to amend. Defendant demurred, and upon the demurrer being overruled she filed her answer as administratrix. Judgment was entered decreeing that the deed from Mrs. Stronach to her brother, contrary to the defense interposed to the action, was not intended as a mortgage; that the advancement by him of the full amount provided for in the agreement was not a condition subsequent to the conveyance, and that C. F. Borden, Jr. is the lawful owner of the property and entitled to have his title thereto quieted.

By answer filed defendant set up the defenses of res judicata, laches and the statute of limitations. ■ The action upon which appellant bases the claim of res judicata did not reach the stage of final judgment. In the points and authorities presented in conjunction with a demurrer to the complaint, defendant states that such "action is still pending in the above court."

■ Appellant offers no argument in support of her contention that the action is barred by laches. A defense of laches demands more than mere lapse of time. In the absence of a showing that this equitable defense is available as applied to the facts, no further consideration need be given thereto.

■ The claim that the action is barred by section 337 of the Code of Civil Procedure seems to be abandoned, and attention is given to sections 318 and 319, Code of Civil Procedure, which require that in an action for the recovery of real property, or one arising out of the title to real property, the claim may not be maintained unless "the ancestor, predecessor, or grantor of such person was seized or possessed of the premises in question within five years before the commencement of the act in respect to which such action is pros-

ecuted or defense made." (Code Civ. Proc., § 319.) The trial court found that under the provisions of sections 318 and 319, plaintiff's cause of action is not barred, and specifically "That it is not true that neither the plaintiff, his ancestor, predecessor or grantor has ever at any time been seized or possessed of the real property in question. . . ." If a party has an absolute conveyance of real property (*Comstock* v. *Finn*, 13 Cal.App.2d 151 [56 P.2d 957]; *Crane* v. *French*, 39 Cal.App.2d 642 [104 P.2d 53]), the above sections do not apply.

This brings us to the principal contention on appeal, which is whether the deed, absolute in form, was given as a mortgage. Since the judgment is for plaintiff, the trial court's construction of the instruments, which should be read together (*Lawrence* v. *Gayetty*, 78 Cal. 126 [20 P. 382, 12 Am.St.Rep. 29]; Civ. Code, § 1642), must be upheld, unless it can be said as a matter of law that the transaction was a mortgage and not an absolute conveyance. The allegation that the advances made by plaintiff's father aggregating $2,437.74 have never been repaid, is not specifically denied, but the answer alleges the making of certain payments and denies that such payments were for taxes, etc.

It is the rule in this state that a deed unaffected by fraud in its inception conveys title, and is not rendered void or subject to rescission on account of a failure of consideration. What is done after its conveyance has no effect upon its validity where performance is not required as a condition. (*Lavely* v. *Nonemaker*, 212 Cal. 380 [298 P. 976]; *Lawrence* v. *Gayetty, supra;* 26 C.J.S. 195, § 21; 9 Cal.Jur. 141.) The rule is based upon the idea of the finality of a deed. The remedy for the breach of a personal covenant not amounting to a condition is generally an action for damages. In *Johnson* v. *Clark*, 7 Cal.2d 529 [61 P.2d 767], an exception is noticed where the grantee promises to support the grantor; but in the present action defendant "denies that said payments were to be used by the said Arabelle Stronach for her support and maintenance."

Defendant did not seek a money judgment for the difference between the amount advanced with interest and the promised $3,000, and it does not appear that Arabelle Stronach or the administrator of her estate ever obtained a purchaser for the property as contemplated in the agreement. Evidently the trial court concluded that the money to be

advanced up to $3,000 was for support and maintenance, and that the death of the promisee-grantor terminated the duty to make further payments.

From the evidence introduced, reasonable inferences may be drawn to support the findings or conclusions of law that the deed was not intended as a mortgage, and that the making of the advances did not constitute a condition subsequent to the deed. (*Henley* v. *Hotaling,* 41 Cal. 22; *First Nat. T. & S. Bank* v. *Edmonds,* 28 Cal.App.2d 26 [81 P.2d 1052]; *Taylor* v. *Avila,* 175 Cal. 203 [165 P. 533]; *County of Los Angeles* v. *Hannon,* 159 Cal. 37 [112 P. 878, Ann.Cas. 1912B, 1065]; *Hitch* v. *Hitch,* 24 Cal.App.2d 291 [74 P.2d 1098].) It does not appear that a sound basis exists for disturbing the judgment based on these findings or conclusions.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 31, 1942.