NADLER, Respondent, vs. NADLER, Appellant.

*February 11—March 9, 1943.*

*Jack Sattell* of Milwaukee, for the appellant.

For the respondent there was a brief by *Lueck, Skupniewitz & Lueck* of Beaver Dam, and oral argument by *Arthur W. Lueck*.

Wickhem, J.  Plaintiff owned a house and lot in Beaver Dam found by the trial court to be worth from $1,500 to $1,800.  He had one son, Anton Nadler, now deceased.  Defendant is the widow of Anton.  There were arrearages amounting to nearly $700 in taxes, and plaintiff desired to convey the house to the son and his wife in return for an agreement by the latter to permit plaintiff to live with them and be supported for the rest of his life.  The parties were ignorant of legal affairs, and did not consider it necessary to insert the support agreement in the deed as a covenant or condition.  The draftsman of the deed did not understand German and plaintiff did not understand English.  Hence, no advice was taken upon the point.  The findings of the trial court, which are sufficiently supported by the evidence, disclose a very common situation : A conveyance by absolute deed by a parent to his son and wife in consideration that the grantees support the father for the rest of his life.  The evidence is to the effect that this contract was breached by the son and later by defendant.  The trial court reformed the deed to insert the support agreement as a condition and, upon the deed as reformed, granted rescission and cancellation because of the breach.  As a condition to relief the court required that plaintiff assume a mortgage placed upon the premises to pay the back taxes and pay to defendant the sum of $340.51, the difference between the income of the property, on the one hand, and the value of support furnished plaintiff and disbursements made upon the premises by defendant, on the other.

The briefs in this case are largely devoted to discussion of the question whether a case was made for reformation of the deed.  There is no basis for reformation in this case.  There was no mistake.  The parties never intended to make the support agreement a condition or covenant of the deed.  It is argued that the parties were ignorant of the law and omitted to insert the agreement in the deed by reason of a mistake of law.  This was no mistake, however.  In order to be enforceable,

the support agreement need not be set out in the deed as a condition or covenant.   It has been held in this state by a long line of cases, beginning with *Hazeltine v. Case,* 46 Wis. 391, 1 N. W. 66, and summarized and listed in *Knutson v. Anderson,* 216 Wis. 69, 255 N. W. 907, that conveyances made in consideration of support, even though the conveyance be absolute in form, constitute a species of equitable condition subsequent, and a court of equity in such a situation, (1) upon re-entry by the grantor, will quiet the title in him, or (2) upon his election to rescind, will cancel the conveyance.   Hence, in this case, a reformation was not necessary and the issue of reformation was immaterial.   See *Glocke v. Glocke,* 113 Wis. 303, 89 N. W. 118, to the effect that there must be an unequivocal election to treat the estate as forfeited by reason of the breach of condition.   For a case in which rescission was denied because of grantor's failure to take such an unequivocal stand, see *Knutson v. Anderson, supra.*   No question is raised as to the propriety of the conditions to relief imposed by the trial court.   In this connection see *Delong v. Delong,* 56 Wis. 514, 14 N. W. 591; *Gilchrist v. Foxen,* 95 Wis. 428, 70 N. W. 585; *Mootz v. Petraschefski,* 137 Wis. 315, 118 N. W. 865.

*By the Court.*—Judgment affirmed.