[Civ. No. 4450. Fourth Dist. Dec. 2, 1952.]

HENRY R. NORBY, Appellant, v. NELLIE L. PISTER et al., Respondents.

Powell & Banyard for Appellant.

Mize, Kroese, Larsh & Mize for Respondents.

MUSSELL, J.—This is an action to cancel a contract of sale of real property in Orange County, all documents in connection therewith, and for a judgment in the sums paid by plaintiff on the purchase price and in caring for the property. Judgment was entered in favor of defendant and plaintiff appeals.

On May 5, 1947, plaintiff and defendants entered into a written escrow agreement in which plaintiff agreed to purchase and defendants agreed to sell the property described therein (approximately 2 acres) for the total purchase price of $6,500, $3,000 to be paid in cash and the balance by

promissory note secured by trust deed. The escrow agreement contained the following provision: "Seller agrees to install and pay for pipe lines for irrigation and domestic purposes." On May 19, 1947, defendants executed and delivered a grant deed to said property to plaintiff. Defendants received the sum of $3,000 through escrow and plaintiff executed and delivered to defendants his promissory note in the sum of $3,500, secured by a trust deed on the property. Shortly thereafter, defendants installed the irrigation pipe lines mentioned in the agreement. The domestic pipe lines were not installed, by reason of the failure of plaintiff to secure an agreement with the city of Orange, which was required before pipe lines could be connected with the city water system or domestic water furnished.

On or about December 5, 1949, plaintiff served on defendants a notice of rescission of the escrow agreement stating that defendants had failed to install and pay for the pipe lines for domestic purposes and that the consideration for the agreement had failed in whole or in part. A deed was therein tendered to defendants and demand was made for the return of moneys paid on the contract, plus $448.66 which plaintiff asserted he had spent in caring for and preserving the property.

Plaintiff contends (1) That there was a material failure of consideration because the defendants did not install and pay for the domestic pipe line and that there should be a rescission of the contract; and (2) That in the event it is determined that plaintiff is not entitled to a rescission of the contract, then the court should fix and determine the amount of damages to which plaintiff is entitled. These contentions are both without merit.

The grant deed from defendants to plaintiff covering the property involved was unconditional, unaffected by fraud in its inception, conveyed title, and is not subject to rescission on account of a failure of consideration. (*Borden* v. *Boyvin*, 55 Cal.App.2d 432, 436 [130 P.2d 718]; *Abel* v. *O'Hearn*, 97 Cal.App.2d 747, 758 [218 P.2d 827]; *Williams* v. *Reich*, 123 Cal.App. 128, 131 [10 P.2d 1030].) As was said in *Lavely* v. *Nonemaker*, 212 Cal. 380, 383 [298 P. 976]:

"It is settled that a deed without fraud in its inception conveys the title, and is not void for any failure of consideration, either in whole or in part. (*Tillaux* v. *Tillaux*, 115 Cal. 663, 667, 668 [47 P. 691].) Acts done subsequent

to the execution and delivery of a deed cannot affect its integrity, and a subsequent failure of consideration or breach of a personal covenant not amounting to a condition, will not avoid the deed, if there was no fraud or false representation. (*Lawrence* v. *Gayetty*, 78 Cal. 126 [12 Am.St.Rep. 29, 20 P. 382]; *Duckworth* v. *Watsonville Water etc. Co.*, 170 Cal. 425, 434 [150 P. 58]; *Masero* v. *Bessolo*, 87 Cal.App. 262, 271 [262 P. 61].) Section 1689 of the Civil Code providing for the rescission of contracts for failure of consideration is without application to an executed conveyance, such as we have here, where actual performance by the grantee is not required as a condition. (*Lawrence* v. *Gayetty, supra.*)''

■ Where, as here, the installation of the pipe lines was not made a condition of transfer of title, plaintiff's remedy, if any, was an action for damages for breach of contract. (*Johnson* v. *Clark*, 7 Cal.2d 529, 533 [61 P.2d 767].)

The trial court found that the defendants were at all times ready, willing and able to install and pay for the pipe line herein involved; that it was not true that the quoted provision in the escrow agreement relative to said pipe line was a condition for the execution of the grant deed from defendants to plaintiff; that it was not true that the plaintiff paid the purchase price relying on a condition; and that it is not true that defendants refused to install and pay for a pipe line for domestic purposes. The court further found that plaintiff failed to obtain the requisite consent from the city of Orange before said pipe lines could legally be installed and connected to the city line. These findings are amply supported by substantial evidence and the judgment based thereon cannot here be disturbed.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.