356 P.2d 286

**DESERT CENTERS, INC., an Arizona corporation, Plaintiff and Appellant,**

v.

**GLEN CANYON, INC., Theodore I. Geurts, Kyle Brewster and Harry D. Pugsley, Defendants and Respondents.**

No. 9262.

Supreme Court of Utah.

Oct. 27, 1960.

Olsen & Chamberlain, Richfield, for appellant.

Bell & Bell, Salt Lake City, for respondents.

CALLISTER, Justice.

Plaintiff brought an action to quiet title to land at the Glen Canyon Townsite, Kane

County, Utah. In a second count plaintiff prayed for damages. Defendants counterclaimed and asked that title be quieted in the defendant, Glen Canyon, Inc. The lower court found in favor of the defendants and against the plaintiff. Plaintiff appeals only from that part of the judgment quieting title in defendant, Glen Canyon, Inc., rather than in the plaintiff.

On November 24, 1957, the defendant, Glen Canyon, Inc. entered into a "Pre-Corporation Agreement" with Simon Gittleman and his wife, Belle Gittleman. This agreement provided for the formation of the plaintiff corporation in the state of Arizona and set forth the manner in which the stock of the proposed corporation should be distributed. It also provided that title to the land in question was to be transferred to the proposed corporation upon its formation and upon the payment to it by the Gittlemans of $15,000.

A warranty deed to the land was executed by defendant, Glen Canyon, Inc., as grantor, transferring title to plaintiff. This deed was dated December 3, 1957, but was not recorded until July 2, 1958. The plaintiff corporation was not in existence until December 30, 1957, when its articles of incorporation were filed in the state of Arizona.

The plaintiff corporation, as formed, did not conform as to its capital structure or stock distribution as provided in the "Pre-Corporation Agreement." The Gittlemans, however, did pay into it the promised sum of $15,000.

A dispute evidently arose between the parties, and on April 28, 1958, Glen Canyon, Inc. executed and delivered to Harry Pugsley, trustee, a quitclaim deed to the property. This deed was recorded June 26, 1958. However, it is admitted that Pugsley merely received the deed for the benefit of Glen Canyon, Inc. pending resolution of the dispute. Obviously, this quitclaim deed could in no way affect the issue of title as between plaintiff and defendants.

The trial court, in holding for the defendants, found that the warranty deed to plaintiff was void because (1) the board of directors of Glen Canyon, Inc. did not authorize the conveyance, (2) there was a failure of consideration, and (3) that as to the whole transaction "There is so much uncertainty and irregularity, so much inequity and unfairness * * *."

The first reason given by the trial judge is unsupported by the evidence. The warranty deed was signed by the vice-president of Glen Canyon, Inc. for and on its behalf, acknowledged, and attested to by the secretary. Furthermore, there was introduced into evidence the following resolution, dated December 1, 1957, of the board of directors of Glen Canyon, Inc.:

"There was a discussion of the necessity of a Shopping Center, to be built

at Glen Canyon, Utah townsite, to help support the requirements of the FHA for necessary facilities for the housing project.

"Mr. LaVey submitted a proposal from the Desert Centers, Inc. of Phoenix, Arizona, an Arizona Corporation, to finance, build, lease, and operate a Shopping Center on Lot #1, Glen Canyon, Utah townsite.

"In consideration of a warranty deed being given to them to Lot #1, Wm. B. LaVey and Associates agreed to pay Glen Canyon, Inc. Sixty thousand shares of stock, in exchange for this lot. A Motion was made, seconded, and passed that this be accepted."

■ It would appear from the foregoing that the deed was authorized and the corporate officers who executed it and affixed the corporate seal were acting within their authority. Absent fraud, duress, mistake, or the like attributable to the grantee, a competent grantor will not be permitted to attack or impeach his own deed.[1]

■ As to the second reason given by the trial court, the evidence supports the proposition that there was a failure of consideration. The terms of the "Pre-Corporation Agreement" were not complied with and Glen Canyon, Inc. did not receive the stock in plaintiff corporation as pro-

vided for therein. However, this failure of consideration does not justify the avoidance of the deed. The general rule is stated in 16 Am.Jur. at page 476:

"§ 63. Failure.—Failure of consideration does not render a deed void or a subsequent conveyance by the grantor to another operative to pass any title. Indeed, even total failure of consideration does not necessarily entitle the grantor to cancelation of the deed. Thus, nonpayment of the promised price gives the grantor a lien on the land, but, in the absence of fraud, does not entitle him to cancelation of the deed. * * *"

See also 26 C.J.S. Deeds § 21, page 618.

■ The third reason, namely that the transaction was unfair, uncertain and inequitable, does not justify the avoidance of the deed. The defendants did not allege, nor did the lower court find, any fraud by the plaintiff or its agents.

We thus conclude that the lower court erred in voiding the deed and quieting title in the defendant, Glen Canyon, Inc.

Reversed. Costs to plaintiff.

CROCKETT, C. J., and WADE and HENRIOD, JJ., concur.

McDONOUGH, J., concurs in the result.

---

1. Gross v. Stone, 173 Md. 653, 197 A. 137; 220 Md. 317, 152 A.2d 548. Cromwell v. Sharon Bldg. & Loan Ass'n,