22630.   WILLIAMS v. SULLIVAN.

SUBMITTED SEPTEMBER 15, 1964—DECIDED SEPTEMBER 28, 1964.

*Lewis & Javetz,* for plaintiff in error.

*Aaron Kravitch, John Wright Jones,* contra.

ALMAND, Justice.   The sole assignment of error is on an order sustaining a general demurrer to a petition seeking the cancellation of a deed and other equitable relief.

In substance the petitioner, Mary Edward Williams, alleged that: she is the widow and sole heir at law of Frank W. Williams; at the time of his death he was in a partnership business with one Raymond S. Harvey, operating under the name of Ogeechee Auto Wrecking Co., and the defendant was a bookkeeper for the partnership business, and various claims and demands have existed between her and the said Harvey; that petitioner and Harvey have settled any and all mutual claims

and rights by a written contract. A copy of the contract is attached to the petition. This writing purports to be a contract between petitioner, Harvey and the defendant, but it is signed only by petitioner and Harvey. It provides for the adjustment and settlement of all claims between petitioner and Harvey. It recites that Mary Williams in satisfaction of all debts due to Sullivan by the estate of Frank W. Williams "agrees to convey to the said Francis E. Sullivan" a certain tract of land and a described automobile. The contract states that Sullivan agrees to lease the property acquired by the Ogeechee Auto Wrecking Co. to Harvey. Subsequent to the execution of the foregoing contract by petitioner and Harvey, the petitioner and defendant Sullivan entered into a written contract whereby petitioner sold and delivered to Sullivan a Cadillac automobile for which Sullivan paid petitioner the sum of $1,500. Petitioner also agreed to convey the tract of real estate in Chatham County, occupied by the Ogeechee Auto Wrecking Co., when the defendant tendered a lease according to the terms of the tripartite agreement which was never executed by the defendant. It was alleged that petitioner executed and delivered to defendant a deed conveying the property mentioned in the above agreement on December 8, 1961. It was also alleged that: the defendant has failed and refused to execute a lease to Harvey; the defendant has contended that the deed from her is incorrect and has brought an action in the Ware County Superior Court to require her to execute a deed of correction; she is willing and offers to execute a proper deed provided the defendant will execute a lease to Harvey.

The prayers are for the cancellation of the deed of December 8, 1961.

The petition did not set out a copy of the deed or state the substance of its provisions. We therefore assume that it was a warranty deed conveying fee simple title without any conditions or limitations.

"An absolute deed of conveyance will not, at the instance of the grantor, be canceled merely because of a breach by the grantee of a promise made by him in consideration of which the deed was executed." *Brand v. Power*, 110 Ga. 522 (1) (36

SE 53). An oral promise by a grantee to perform an act in the future, though it be made as an inducement or consideration for the execution of a deed by the grantor, does not constitute fraud, so as to authorize the cancellation of the deed, unless the promise was made with the present intention on the part of the grantee not to comply with the promise. A mere failure to comply with the promise on the part of the grantee would be insufficient to establish a fraudulent intent. *Brinson v. Hester,* 185 Ga. 761 (1) (196 SE 412). See also *Prosser v. Brooks,* 210 Ga. 763 (1) (82 SE2d 700), and *Cordell v. Cordell,* 206 Ga. 214, 217 (56 SE2d 251).

The allegations in the petition are insufficient to show fraud on the part of the defendant. Construing the allegations of the petition most favorably to the petitioner, all that they do is to allege that: the plaintiff executed a warranty deed to the defendant; a part of the consideration for such execution was a promise on his part that he would execute a lease to a third person for a building and place of business located on the premises conveyed, and that the defendant has failed and refused to comply with the promise. Under the above cited authorities the petition failed to set forth a cause of action for the cancellation of the deed.

The court properly sustained the general demurrer and dismissed the petition.

*Judgment affirmed. All the Justices concur.*