THE STATE OF NEVADA, ON RELATION OF ITS
DEPARTMENT OF HIGHWAYS, APPELLANT, *v.* WELLS
CARGO, INC., A NEVADA CORPORATION, RESPOND-
ENT.

No. 4936

February 24, 1966 411 P.2d 120

*Harvey Dickerson,* Attorney General, and *Eli Grubic,*
Special Deputy Attorney General, for Appellant.

*Guild, Guild & Cunningham,* of Reno, for Respondent.

# OPINION

By the Court, BADT, J. :

This is an appeal by the Highway Department of the State of Nevada from parts of an eminent domain judgment which, in total, awarded respondent Wells Cargo, Inc., $442,536 for various takings pursuant to construction of a Las Vegas highway interchange. NRS ch. 408. Appellant does not protest the bulk of the award, but argues that the court below erred in finding Wells had any property interests in two parcels of land for which Wells was awarded $20,590, and therefore Wells had no right to severance damages for a third, adjacent parcel, for which Wells received $5,369. Further, appellant protests that $181,070 was an unreasonably high evaluation of Wells' severance damages in other parcels, and valuation testimony of the corporation's president, Joseph W. Wells, should not have been admitted.

We reject all of appellant's contentions.

1. There is no dispute as to the facts surrounding appellant's protest that Wells had no property interests worthy of compensation in parcels "A" and "B." On June 12, 1956, Wells Cargo, Inc., through J. W. Wells, executed and acknowledged a "Grant Deed" to Clark County, Nevada, purporting to convey parcels "A" and

"B."[1] Three weeks later, on July 6, 1956, the Board of County Commissioners of Clark County regularly met and, according to their minutes, accepted the Wells property "with the following conditions: permit the present fence and weighing installations to encroach upon the east edge of the surveyed right-of-way until such time as the property adjoining changes ownership or until the encroachment is no longer necessary to the business conducted thereon. Thereafter, Wells continued to make use of its improvements on parcels "A" and "B" without incident until the instant eminent domain proceedings, which, as noted, awarded Wells $20,590 for its "interests" in the lands.

It is the gist of appellant's argument that the June 12, 1956, deed from Wells to the county conveyed a fee simple absolute, leaving Wells no interests whatsoever in the properties and therefore no right to any subsequent eminent domain damages. Wells replies that the deed *and* the July 6 board minutes must be read together for the complete import of the intended transaction between Wells and Clark County; and that Wells therefore retained a compensatory interest in the parcels.

We need not delve further into the parties' theories. No matter what the June 12 deed, taken alone, purported to convey, the clear fact is that the grantee county only accepted part of that conveyance. This is evidenced by the minutes of the board. Harmon v. Tanner Motor Tours, 79 Nev. 4, 377 P.2d 622. In such transactions, the law will not force a grantee to take title to real

---

[1]"WHEREAS, the County of Clark, State of Nevada, Grantee, desires to construct a highway HIGHLAND ROAD, and

"WHEREAS, the proposed route of said road has been surveyed and staked, and construction work has been commenced, and

"WHEREAS, WELLS CARGO, INCORPORATED by J. W. Wells, as Grantor, desires to grant and convey to the said Clark County, Nevada, the below described land for purpose of constructing said highway.

"NOW, THEREFORE, in consideration of the premises and of the construction of said highway by Clark County, Nevada, the undersigned Grantor does hereby GRANT, BARGAIN, SELL and CONVEY to Clark County, Nevada, for street and road purposes, all of the following described land * * *."

property against his will. Reina v. Erassarret, 90 Cal.App.2d 418, 203 P.2d 72; Klajbor v. Klajbor, 406 Ill. 513, 94 N.E.2d 502. In the matter at bar, the board allowed Wells to retain certain uses of parts of the land subject to conditions outside the county's control. Wells thus held an express easement in the lands and was entitled to compensation upon a taking of this easement by eminent domain. NRS 37.020(2).

2. The value of the interests taken in parcels "A" and "B," as well as all severance damages, was a question of fact and there is ample testimony indicating substantial evidence in support of the judge below as fact-finder. In such instances, we should not disturb his decisions. Dept. of Highways v. Pinson, 66 Nev. 227, 207 P.2d 1105; Dep't of Highways v. Campbell, 80 Nev. 23, 388 P.2d 733. "Evaluations and determinations reach de novo at the appellate level, amounting, in effect, to complete redeterminations of basic issues, are usually best avoided." Conklin v. State, 22 A.D.2d 481, 256 N.Y.S.2d 477.

3. Finally, appellant argues that it was error to permit J. W. Wells to testify as to the value of the taken properties because J. W. Wells was shown only to be "an officer of the corporation" and not shown to be especially qualified to comment on land values in the area of the taking. In Weber v. West Seattle Land & Improvement Co., 188 Wash. 512, 63 P.2d 418, it was held that where a particular individual is controlling and managing officer of a corporation, that should suffice to qualify his statements on that corporation's property values. Cf. Puget Sound Power & L. Co. v. Public Utility Dist. No. 1, 123 F.2d 286 (9th Cir.), where the "Washington Rule," so-called, is discussed in the dissent. We need not enter that dispute. Here, it was shown J. W. Wells was "chief executive officer" of Wells Cargo, Inc., that he purchased the property now being taken, and was, in fact, an individual owner of adjacent lands. This was

sufficient to qualify him. Dep't of Highways v. Campbell, supra; State v. Olsen, 76 Nev. 176, 351 P.2d 186.

Affirmed.

THOMPSON, J., and COMPTON, D. J., concur.