MARY LoBUE, an Unmarried Woman, Owner as Sole and Separate Property, Appellant, *v.* THE STATE OF NEVADA, on Relation of Its Department of Highways, Respondent.

No. 6377

July 14, 1971                         487 P.2d 506

[Rehearing denied September 22, 1971]

*Foley Brothers,* of Las Vegas, and *Cooper & Nelsen,* of Los Angeles, California, for Appellant.

*Robert List,* Attorney General, and *Melvin L. Beauchamp,* Deputy Attorney General, of Carson City, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

The narrow issue presented for our consideration on this appeal is whether Article 9, section 4, of the Nevada Constitution, which provides, "The State shall never assume the debts of any county, town, city or other corporation whatever, unless such debts have been created to repel invasion[,] suppress insurrection or to provide for the public defense", bars the appellant, Mary LoBue, as a matter of law, from proceeding to trial in the district court on her amended counterclaim to recover damages from the respondent, The State of Nevada, for the failure of Clark County to construct certain roads adjoining LoBue's property.

This is the second time that this case has been before this court on appeal. The factual background leading to this litigation has been well set forth in the earlier case of State ex rel. Dep't of Highways v. LoBue, 83 Nev. 221, 427 P.2d 639 (1967), and the facts need not be fully repeated in this opinion. Suffice it to say that in 1957 LoBue conveyed to Clark County 3.80 acres of land, upon the representation of the county officials that the County would build a road adjoining her remaining property, providing approximately 3,000 feet of additional frontage. By an appropriate resolution, the County Commissioners accepted LoBue's deed and had it recorded. The County

never built the road. Rather, it quitclaimed the property to the State. Later, the State commenced condemnation proceedings against two separate parcels of realty (5.19 acres) owned by LoBue. LoBue counterclaimed and sought cancellation of her original deed to the County covering the 3.80-acre parcel of land because Clark County had failed to build the promised road. Before the trial of that condemnation proceeding, the State and LoBue stipulated, among other things, that the ownership of the 3.80-acre parcel, to which the State held record title adverse to LoBue's claim, could be determined by the district court in the condemnation litigation. The district judge found in favor of LoBue and ordered the appropriate deed canceled, thus reconveying title to the 3.80-acre parcel to LoBue. This court reversed and ruled, 83 Nev. at 225, 226, 427 P.2d at 642:

"We conclude that, in these circumstances, the grantor's (LoBue['s]) remedy for the failure of Clark County to construct the roads is an action at law for damages; not a suit in equity to cancel the deed. The reason for withholding equitable relief is the need for preserving the finality of a deed and the integrity of title to real property. This can best be accomplished by limiting the grantor to the remedy of damages. We express no opinion on the point of damages. . . ."

In accordance with this court's remand, LoBue then filed in the district court her amended counterclaim for damages only. The State, before trial, sought summary judgment on the grounds that the obligation, if any, the County owed LoBue was a debt and the State was barred by the Nevada Constitution from assuming it. The district judge agreed and entered judgment in favor of the State and against LoBue. Hence, this appeal.[1]

Paragraph 4 of the LoBue-State stipulation filed in the district court on March 31, 1966, provided:

"4. The State of Nevada, by quitclaim deed, acquired the right, title and interest, if any, of the County of Clark in and to that certain property which is the subject matter of this litigation, the County of Clark having acquired its interest in said property by grant deed from Mary LoBue and Vincent LoBue, grantors, as is more particularly evidenced by Document No. 100604, recorded in Book 122 of Official Records of Clark

---

[1]In the first appeal, the State was in court opposing LoBue's right to rescind, claiming her only remedy was in damages, if any existed; but in this case the State contends the aforementioned constitutional proscription eliminates the State as a party defendant. In other words, the State was willing to defend on the question of rescission, but not on the question of damages.

County, Nevada, the deed being dated March 4, 1957 and recorded March 5, 1957. Plaintiff herein [State] agrees that it will not raise any technical defense that the County of Clark is a necessary or proper party to these proceedings and agrees that *Defendant herein [LoBue], as against Plaintiff herein, may assert any and all legal rights or remedies that Defendant may have or may have had as against the County of Clark.*" (Emphasis added.)

The State, by virtue of that stipulation, agreed that LoBue could assert in the condemnation proceedings any claim LoBue, as grantor of the 3.80-acre parcel, might have because of that conveyance and that the State would defend against such claims. We find such an agreement merely an obligation on the part of the State to defend whatever claims LoBue might present. Such an obligation is not a debt within the meaning of the constitutional provision. A debt is usually a liquidated, as distinguished from an unliquidated, sum and is ascertainable before the suit is commenced. United States v. Virgin, 230 F.2d 880, 882 (5th Cir. 1956); Hart v. Evans, 71 N.E.2d 546, 551 (Ill.App. 1947); Wolfe v. Bellfair Hat Co., 47 N.Y.S.2d 908, 912 (N.Y.App. 1944); 26 C.J.S. *Debt* at 6 (1956). In this case, without a hearing there is no way of determining whether LoBue has suffered any damages because the County failed to build the roads adjoining her property. The State by virtue of the aforementioned stipulation has become obligated to defend against LoBue's claims. The obligation no longer belongs to the County. If LoBue is successful, then the State must stand back of the judgment. We, of course, express no views regarding the possibility of such a contingency. As this court said in State ex rel. Dep't of Highways v. LoBue, *supra,* 83 Nev. at 226, 427 P.2d at 642:

". . . Perhaps the highway construction by the State along the disputed parcel benefited LoBue as much as the originally planned County roads; perhaps not. That question was not presented to the trial court for decision."

We therefore conclude that the State's obligation in this case is not a debt within the meaning of Article 9, section 4, of the Nevada Constitution. Hence, the summary judgment was improvidently granted, and it must be reversed. It is so ordered.

ZENOFF, C. J., BATJER, THOMPSON, and GUNDERSON, JJ., concur.