554 P.2d 258 (1976)
Mary LoBUE, an unmarried woman, owner as sole and separate property, Appellant,
v.
The STATE of Nevada, on relation of its DEPARTMENT OF HIGHWAYS, Respondent.
No. 8087.
Supreme Court of Nevada.
September 17, 1976.
*259 Cooper & Nelsen, Los Angeles, Cal., Foley Brothers, Las Vegas, for appellant.
Robert List, Atty. Gen., Melvin L. Beauchamp, Deputy Atty. Gen., Carson City, for respondent.

OPINION
BATJER, Justice:
This matter has been before this court on two previous occasions, State ex rel. Dep't of Highways v. LoBue, 83 Nev. 221, 427 P.2d 639 (1967) and LoBue v. State ex rel. Dep't of Highways, 87 Nev. 372, 487 P.2d 506 (1971). The facts have been exhaustively set forth in our earlier opinions and need not be repeated.
In October, 1967, after our remand in State ex rel Dep't of Highways v. LoBue, supra, Mary LoBue filed her amended counterclaim against the State of Nevada seeking to recover alleged damages resulting from Clark County's failure to construct certain roads. In that case the State was granted summary judgment which we reversed and again remanded for a trial on the question of damages, if any, for breach of contract.
The district court, relying on Hall v. Superior Court, 45 Cal.2d 377, 289 P.2d 431 (1955); Glassell v. Hansen, 149 Cal. 511, 87 P. 200 (1906); Bate v. Marsteller, 232 Cal. App.2d 605, 43 Cal. Rptr. 149 (1965); Weightman v. Hadley, 138 Cal. App.2d 831, 292 P.2d 909 (1956); took the position that our opinion in State ex rel Dep't of Highways v. LoBue, supra, mandated the placing of the parties in the same position as if the case had never been tried and as a result entered a pretrial order determining (1) that it was necessary for LoBue to prove the contract, its terms, and purported breach; (2) that the measure of damages would be the value of the benefit expected less the value of the benefit actually received; and (3) that under the rule of judicial estoppel LoBue was estopped by the prior condemnation action judgment from asserting she did not receive frontage and access to Tropicana Avenue and Industrial Road and the corner at the intersection of these streets since she claimed she lost such frontage in the prior trial.
As a result of the pretrial order the question of the existence of a contract and whether it had been breached was submitted to the jury. In answer to certain interrogatories the jury returned a verdict finding no contract between LoBue and Clark County. The jury never reached the question of damages.
Appellant now contends that the district court not only erred in its pretrial ruling but also erred by failing to allow one of appellant's witnesses to testify regarding comparable sales. We agree that the district court erred in submitting the issue of the existence of a contract and the question of its breach to the jury. However, because the jury never reached the question of damages appellant was not prejudiced by the district court's refusal to allow testimony regarding comparable sales. Way v. Hayes, 89 Nev. 375, 513 P.2d 1222 (1973).
The only issue requiring consideration is the effect of the opinions of this court filed in the two previous appeals. In State ex rel. Dep't of Highways v. LoBue, supra, 83 Nev. at 223-226, 427 P.2d at 641, we reversed and held: "The disputed parcel (3.80 acres) is removed from this litigation and the State's title thereto confirmed.
*260 "...
"The consideration for that conveyance failed. Clark County did not construct the roads. That failure, however, was not accompanied by fraud or bad faith on the part of the County. The County acted in good faith in making its representations... .
"...
"... The grantor's remedy when the bargained for consideration fails and a reason for equitable relief is not present, is an action at law for damages.
"...
"We conclude that, in these circumstances, the grantor's (LoBue) remedy for the failure of Clark County to construct the roads is an action at law for damages; not a suit in equity to cancel the deed. The reason for withholding equitable relief is the need for preserving the finality of a deed and the integrity of title to real property. This can best be accomplished by limiting the grantor to the remedy of damages. We express no opinion on the point of damages... ."
Although the California cases relied upon by the district court applied the general rule than an unqualified reversal by an appellate court remands the case for a new trial and sets at large for readjudication all issues involved, those cases are inapposite because the reversal by this court of State ex rel Dep't of Highways v. LoBue, supra, was clearly with sufficient direction. Furthermore, the district court neglected to follow, so far as applicable, our previous opinions in this case and thus failed to heed the exception announced in Hall v. Superior Court, supra.
Cases are legion in the various jurisdictions holding that where an appellate court deciding an appeal states a principle or rule of law, necessary to the decision, the principle or rule becomes the law of the case and must be adhered to throughout its subsequent progress both in the lower court and upon subsequent appeal.
"The law of the first appeal is the law of the case on all subsequent appeals in which the facts are substantially the same." Walker v. State, 85 Nev. 337, 343, 455 P.2d 34, 38 (1969); State v. Loveless, 62 Nev. 312, 315, 150 P.2d 1015, 1016 (1944). Cf. Wright v. Carson Water Co., 22 Nev. 304, 39 P. 872 (1895).
"Where a judgment is reversed by an appellate court, the judgment of that court is final upon all questions decided and those questions are no longer open to consideration. The Court to which the cause is remanded can take only such proceedings as conform to the judgment of the appellate tribunal." Schulenburg v. Signatrol, Inc., 37 Ill.2d 352, 226 N.E.2d 624, 628 (1967); Thomas v. Durchslag, 410 Ill. 363, 102 N.E.2d 114, 115 (1951). Cf. VanDiest v. VanDiest, 266 Cal. App.2d 541, 72 Cal. Rptr. 304 (1968); Shell v. Schmidt, 164 Cal. App.2d 350, 330 P.2d 817 (1958).
Upon reading our opinions in State ex rel Dep't of Highways v. LoBue, supra, and LoBue v. State ex rel. Dep't of Highways, supra, it is abundantly clear that the only question to be decided on remand was the amount of damages, if any, owed to LoBue by the State. The cause was remanded for but a single purpose. Under the doctrine of the law of the case the district court erred in permitting the jury to decide whether a contract had been entered into between LoBue and Clark County and whether it had been breached.
This case is again reversed and remanded for further proceedings not inconsistent with this opinion for the sole and single purpose of determining what damages, if any, are owed to Mary LoBue by the State of Nevada.
We do not reach any of the other assignments of error.
GUNDERSON, C.J., and ZENOFF, MOWBRAY and THOMPSON, JJ., concur.