THE STATE OF NEVADA EX REL. DEPARTMENT OF HIGHWAYS, APPELLANT AND CROSS–RESPONDENT, v. MARY LoBUE, RESPONDENT AND CROSS–APPELLANT.

No. 11321

June 4, 1980                         611 P.2d 1077

506

[Rehearing denied December 30, 1980]

*Richard Bryan,* Attorney General, and *Robert A. Callaway,* Deputy Assistant Counsel, Department of Highways, for Appellant and Cross-Respondent.

*Foley Brothers,* of Las Vegas, and *Ned R. Nelsen,* of Los Angeles, California, for Respondent and Cross-Appellant.

## OPINION

*Per Curiam:*

This cause twice has been remanded to determine damages, if any, owed LoBue by the State. State ex rel. Dep't Hwys. v. LoBue, 83 Nev. 221, 427 P.2d 639 (1967); LoBue v. State ex rel. Dep't Hwys., 92 Nev. 529, 554 P.2d 258 (1976). On this appeal and cross-appeal each party complains of the manner in which the trial court permitted the jury to determine damages.

In 1957 LoBue unconditionally deeded land to Clark County upon representations that the County would build two roads along the northerly and westerly sides of her remaining property. No representations were made as to the width or quality of those roads. LoBue expected that the construction of those roads would enhance the value of her remaining property. The roads promised by the County in 1957, eventually were constructed by the State in 1966.[1] The road along the northern part of her property is Tropicana Avenue, and a freeway was constructed along the westerly side of her property.

In our first opinion, State ex rel. Dep't Hwys. v. LoBue, 83 Nev. 221, 427 P.2d 639 (1967), we held that LoBue's remedy for the failure to construct the roads was an action at law for damages. We did not know whether she had sustained damage. We stated: "We express no opinion on the point of damages. Perhaps the highway construction by the State benefited LoBue as much as the originally planned county roads; perhaps not." Id. at 226. That expression was reaffirmed in LoBue v. State ex rel. Dep't Hwys., 92 Nev. 529, 554 P.2d 258 (1976).

The benefit for which LoBue had bargained was the increased value of her land by reason of the promised county roads. Those roads were not constructed. In lieu thereof, the State subsequently constructed a freeway and Tropicana Avenue. Our prior opinions had advised the trial court that the measure of damages was the value of the benefit expected by LoBue less the value of the benefit received. Indeed, we noted that she may not have sustained damage; that she may have

---

[1]In 1971 an issue arose as to whether the State was obliged to defend LoBue's claim for damages originally asserted against Clark County, the State's predecessor in interest. We ruled that the State was obliged to defend. LoBue v. State ex rel. Dep't of Hwys., 87 Nev. 372, 487 P.2d 506 (1971).

received more than she had bargained for. See concurring opinion, Zenoff, State ex rel. Dep't Hwys. v. LoBue, 83 Nev. 221, 427 P.2d 639 (1967).

Her amended counterclaim for damages, however, did not allege that the expected benefit from the bargained for county roads would have been greater than the benefit actually received from the construction by the State of the freeway and Tropicana Avenue, resulting in damage. What she did claim was damage by reason of the loss of frontage and access along the northerly and westerly boundaries of her property and the loss of a corner at that intersection.

This particular claim of damage previously had been litigated in the second condemnation trial. At that trial the jury specifically was instructed to determine the damages sustained by LoBue for the loss of frontage and access along the northerly and westerly boundaries of her property and for the loss of the corner. That damage was assessed at $93,777.97. From that amount was deducted the sum of $38,904 representing the benefits LoBue received from the State's construction of the freeway and Tropicana. Judgment was entered on that verdict and has been paid by the State. It is conclusive upon the parties and not subject to relitigation. Clark v. Clark, 80 Nev. 52, 389 P.2d 69 (1964).

The issues of judicial estoppel and collateral estoppel, and the doctrine of Clark v. Clark, supra, were presented to this court on the last appeal of this case. Had we resolved those issues the trial we are now reviewing on the amended counterclaim would not have occurred. Apparently, our failure to do so caused the trial judge to believe that those doctrines did not bar the damages sought by the amended counterclaim. We did not intend that interpretation of our opinion.

Since LoBue does not claim that the expected benefit from the bargained for county roads would have been greater than the benefit actually received from the construction of the freeway and Tropicana, and since she already had been compensated for the damage she does claim, we reverse the judgment entered upon jury verdict, and remand with direction to enter judgment for the State upon LoBue's counterclaim for damages.